### George S. Turner v. F. W. Grobe.

#### Decided December 5, 1900.

**1. Jury—Charge—Uncontradicted Testimony.**

The court could not instruct the jury that certain facts testified to by plaintiff, who was uncontradicted, were established; the jury had a right to consider his interest in the result of the suit.

**2. Charge—Assuming Fact.**

The charge should not assume that conditions attached to certain notes, where such conditions were not in writing, though they were sworn to by a witness uncontradicted, but interested.

**3. Charge—Omission.**

It was not error to instruct the jury to consider only the issues submitted by the charge, in the absence of request for instructions submitting others.

**4. Waiver—Charge.**

Where plaintiff sought to recover only one-half the amount of certain notes sued on, it was proper to confine the issues to his right to recover that half.

APPEAL from Llano. Tried below before Hon. James Flack.

*Lauderdale & Opp, Ike D. White,* and *J. G. Cook,* for appellant.

*F. W. Grobe,* appellee, in pro per.

COLLARD, Associate Justice.—This is the second appeal of this case. See 44 S. W. Rep., 898. It is a suit by appellee, F. W. Grobe, against George S. Turner, the Marble Falls Cotton and Woolen Mills, George Taylor, the First National Bank of Marble Falls, and William Gold for conversion of certain promissory notes executed by Gold to plaintiff, secured by vendor's lien on farm land of plaintiff conveyed by him to Gold, and to recover their value. Plaintiff dismissed his suit as to all the defendants except George S. Turner, against whom he prosecuted the suit, which resulted in a verdict and judgment for plaintiff against Turner for $1400 and 6 per cent interest per annum thereon from December 1, 1893, that is, $1908 to bear 6 per cent interest from date of judgment, December 18, 1899, from which Turner has appealed.

It is not necessary to set out the issues as pleaded by the parties, as they are much the same as on former appeal. The gravamen of plaintiff's case is that he was deceived by false and fraudulent representations of one Taylor, agent of the mill company in course of construction at Marble Falls, as to the amount that had been subscribed to construct the mill and purchase machinery for it, and was induced thereby to deliver before maturity, to Taylor for the mill company, the notes mentioned and his individual note for $200 to secure his subscription to the enterprise of $3000 to be paid in installments,—15 per cent when the walls of the main building were completed to the second story; 15 per cent when the walls were ready for the roof; 20 per cent when the roof was on; and 50 per cent when the machinery was shipped to Marble Falls, to be evidenced by bill of lading, all of which stipulations were in writing in the subscription contract signed by plaintiff, he subscribing for sixty shares of the par value of $50 each; that plaintiff by false representations was induced to so subscribe for stock, said false representations being made by Taylor that the mill company would erect a cotton and woolen mill at Marble Falls to cost $100,000, of which all had been subscribed but $30,000, and that plaintiff should not be required to pay any of his subscription until the last installment became due; that the mill company was out of debt, and that plaintiff should have employment in the mill when it should begin operations, at $75 per month, and that the mill would be out of debt and in operation by January 1, 1894. It is alleged that these representations were false and untrue, and that the promises were not intended to be performed when made, plaintiff being ignorant of the falsity of the representations, having no means of ascertaining the truth, and relying upon the statements so made by Taylor for the mill company. Plaintiff also alleged that August 17, 1893, at a meeting of the stockholders when all the defendants were present, he agreed that $1500 of the amount of the notes should be used in payment of his stock, still requiring that the proceeds of collections should be applied in payment for machinery and that he should be employed in the mill as agreed, which should be in operation by January 1, 1894; the mill company to be the owner of $1500 of the notes and plaintiff the remainder, the mill company to be

such owner subject to the conditions stated. It is averred that the conditions were not performed by the company, that all the parties had notice of plaintiff's rights and that defendant Turner had collected the Gold notes and appropriated the proceeds, and that plaintiff had, on November 4, 1893, demanded all the notes of Turner.

Turner answered by general denial, and pleaded that the notes by Gold were negotiable, promissory notes, and that he purchased them before maturity, without notice, and in good faith, from the mill company, to which plaintiff had indorsed them; that plaintiff had subscribed for $3000 of stock in the mill company and had indorsed and delivered to the company the Gold notes and his $200 note in payment of the stock, and all the notes were sold and transferred to him by the company and he thereby became the owner, and that plaintiff had waived any and every alleged act of fraud of the company and all alleged conditions, and agreed that they should be retained by the company in payment of his stock subscribed, and they were so taken and accepted and applied by the company, and that they were sold and delivered about August 17, 1893, by the company to him, Turner, in part payment and discharge of a debt due by the company to him, and he released the company from such debt to the extent of the amount of the notes, of all which plaintiff had notice and made no objection.

*Opinion.*—With some few exceptions, which will be noted, the court's charge is clear and presents the law of the issues made in the pleadings and evidence. The court instructed the jury that certain facts had been established by the evidence and among them as follows: "The notes in controversy were delivered to the mill company * * * on condition that the notes should be used only in payment of the machinery for said mills and that the mills should be ready to commence operation by January 1, 1894; that plaintiff should have employment as agreed, and further, that when the first two payments became due he would go with the agent of said corporation to said Gold to collect the same, and that plaintiff should be employed in the mill as soon as it was in operation and receive $75 per month salary as soon as he became used to the work, and that the mill company, through its authorized agent Taylor had made with plaintiff the verbal agreement that none of said subscription should be payable until the last 50 per cent was due by the terms of the written subscription list." And then the court instructed the jury substantially that a failure to comply with such conditions would release all claim on the notes.

There was testimony tending to establish the facts as stated in the charge, but some of them were shown only by the testimony of the plaintiff, to wit, that the notes were delivered to Taylor upon condition that the factory building should be complete and the factory ready for operation by January 1, 1894, and that the subscription and notes should be used only in payment for machinery, and that plaintiff should

have the right to go with the agent of the company to collect the notes.

Though the plaintiff may not have been contradicted by other testimony on these matters, the court should not tell the jury that the facts stated by him were proved or established, and it was erroneous to so charge. The jury are the judges of the credibility of the witness and the facts proved by oral testimony, and the court should not tell the jury that the testimony of the interested party is true, though not contradicted. Coats v. Elliot, 23 Texas, 613; Pridgen v. Walker, 40 Texas, 136; Gonzales v. Adoue, 56 S. W. Rep., 548; Sonnentheil v. Brewing Co., 172 U. S., 408, 409. Where a plaintiff testifies in his own behalf, his interest in the result of the suit may be considered and the questions of his credibility and the truth of his statements should be left to the jury. It was error to assume in the charge that plaintiff's statements on the stand were true.

There is another portion of the court's charge subject to the same criticism. This should be avoided on another trial.

We would not have reversed the case on the charge assigned as error in the third assignment, as we believe other parts of the charge made the matter complained of perfectly clear and unambiguous. The charge complained of is: "If you believe from the evidence that the defendant Turner received the notes in controversy before their maturity and *without notice of the conditions attached to them,* and in good faith in part payment of his debt due by the mill company, then you will find for the defendant." That part of the charge which we have underscored appellant insists tells the jury that there were conditions attached to the transfer of the notes. This can be easily avoided on another trial.

The fourth assignment is to the same effect but is upon another part of the charge, and we suppose the seeming error will not again occur.

It was not erroneous to instruct the jury that they should not consider any issues except such as were submitted in the charge. If defendant was entitled to other instructions, he should have asked them. It would not be proper for the jury to pass upon issues not submitted in the charge.

Plaintiff waived all right to recover one-half of the proceeds of the notes, and it was not erroneous to so instruct the jury and to require a finding as to whether or not he was entitled to recover the other half. That was the very issue in the case.

We do not discuss other assignments of error, but are content with saying that such as we should pass on are not well taken.

Because of the error herein pointed out, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*