TEXAS & PACIFIC RAILWAY COMPANY v. E. G. TAYLOR.

No. 2028.    Decided April 6, May 11, 1910.

**1.—Carriers—Demand for Cars—Penalty—Freight on Hand.**

One who holds livestock within five miles of a railway station ready to be loaded within a few hours after notice of the arrival of the cars has such freight "on hand" within the meaning of art. 4502, Rev. Stats.    (P. 370)

**2.—Same—Ownership of Freight.**

The penalty for failure of a railway to furnish cars demanded by a shipper (Rev. Stats., art. 4497-4499) may be recovered by the party applying for the cars though he was but part owner of the freight for which shipment was demanded, the right of action of his co-owner having been transferred to him. (P. 370).

**3.—Question of Fact—Undisputed Evidence.**

The fact that the evidence introduced to establish a defense is undisputed is not sufficient to justify a peremptory charge for defendant. It must be so conclusive that reasonable minds could not differ as to its effect. Evidence, to show that a railway was not at fault in failing to furnish cars at the time demanded, held not conclusive under above rule.    (Pp. 369, 370).

**4.—Carrier—International Shipment.**

Where property was shipped by rail from one Texas station to another on the Mexican border and there delivered to the shipper, the contract was intrastate, not international, and was governed by the Texas statute, although the shipper intended to and did, on receiving it at this destination, reship over another line to a point in Mexico.    (Pp. 370, 371).

**5.—Cases Discussed.**

Gulf, C. & S. F. Ry. Co. v. State, 97 Texas, 274; same case, 204 U. S., 403, followed.    (P. 371).

Error to the Court of Civil Appeals for the Second District in an appeal from Mitchell County.

Taylor sued the Texas & Pacific Railway Company and had judgment which was affirmed on appeal by defendant who thereupon obtained writ of error.

*Wagstaff & Davidson,* and *Edw. Smith,* for plaintiff in error.—The court should have directed a verdict for the defendant for the reason that the undisputed evidence showed that plaintiff did not have his cattle and horses on hand at the time he made his order for the cars, and at no time before the cars arrived; and that the undisputed evidence showed that the plaintiff was not the sole owner of the horses and cattle at the time the order was given, or at any time thereafter until the shipment was made; and that the undisputed evidence showed that the cattle were shipped from Colorado, Texas, a point in the State of Texas, to a point in the Republic of Mexico, by a continuous shipment and journey, and hence the shipment was interstate, and the statutes of Texas authorizing a penalty do not apply in this case; and that the undisputed evidence as shown by the deposition of J. W. Everman, is that at the time the defendant failed to furnish the cars, it failed to furnish them on account of the congested condition of its lines of railway and side tracks, caused by failure of shippers

to unload the cars, and on account of the unprecedented amount of traffic on the line of road at the time the cars were ordered. Texas & P. Ry. Co. v. Allen, 100 Texas, 525.

The shipment being interstate shipment the plaintiff had no right to recover. Houston & T. C. Ry. Co. v. Mayes, 201 U. S., 321.

The evidence being undisputed that shippers would not receive freight consigned or tendered to them and that there was an unprecedented amount of business on hand at the time the cars were ordered and that these conditions could not have been foreseen by the defendant the judgment is contrary to the law and the evidence. Texas & P. Ry. Co. v. Allen, 100 Texas, 525.

*Royall G. Smith,* for defendant in error.—The shipper is not required to have his live stock actually at the carrier's pens in order to entitle him to the benefit of the statute providing a penalty for failure to furnish cars. It is sufficient if he have the stock in his possession and so located as to enable him to load them within a reasonable time after tender of the cars.

The right to the statutory penalty involved in this suit inures to the owner or manager of freight making written application for cars to be furnished; and it is not required that such applicant be the sole and absolute owner of the entire title to said freight. Rev. Stats., arts. 4497-4502.

The transportation of freight from one point to another within the State of Texas and delivery there to the consignor, and the subsequent rebilling by him of same to a point in a foreign country, does not, insofar as the original carrier between the points within this State is concerned, constitute an act of international commerce, to which the statutes of Texas would not apply. In order to render the transportation of freight interstate or international commerce beyond the regulation of the State of Texas, it is necessary that the agreement between the initial carrier and the consignor must be for the shipment to be from one State to another, or from one State to a foreign country, and for such freight to be transported either all or a part of such journey by said carrier. Gulf, C. & S. F. Ry. Co. v. State, 204 U. S., 403.

Where the testimony of the sole witness for the defense consists in the main of conclusions and hearsay statements, the jury is entitled to pass upon their weight, and also the credibility of such witness, and hence it is not improper to refuse a peremptory instruction. Railway Co. v. Taylor, 20 Texas Civ. App., 654; Franklin Life Ins. Co. v. Villeneuve, 29 Texas Civ. App., 128; International & G. N. Ry. Co. v. Johnson, 23 Texas Civ. App., 160; Sonnentheil v. Brewery, 172 U. S., 401; Galveston, H. & S. A. Ry. Co. v. Matula, 79 Texas, 577; Brown v. Lazarus, 5 Texas Civ. App., 81; Stevens v. Summerfield, 22 Texas Civ. App., 182.

Whether or not the efforts made by a carrier to provide itself with sufficient facilities for the movement of freight that may be reasonably expected to be tendered to it are such as a reasonably prudent man would have made under the same or similar circumstances, being peculiarly a question for the jury, its finding that they were not should

not be disturbed on appeal, unless absolutely at variance with the evidence. Same authorities.

Mr. Justice Brown delivered the opinion of the court.

On November 28, 1906, Taylor made demand upon the local agent of the railroad company at Colorado, Texas, for seven cars for the purpose of shipping to El Paso, Texas, 210 head of cattle and 6 head of horses, the cars to be furnished at Colorado, December 2, 1906. The railroad company failed to furnish the cars until the 13th day of December, 1906, on which day the cars were furnished and the plaintiff loaded his stock into the cars and shipped them to El Paso. The bill of lading ,was made to Taylor and called for the stock to be delivered to him at El Paso but the freight charges from Colorado to El Paso were payable at a place in Mexico to which the cattle and horses were shipped from El Paso.

At the time Taylor made the application for the cars he and his father owned the cattle and horses and were holding them near Colorado within easy distance for loading them whenever the cars should arrive. The stock were held at all times ready for shipping within a few hours after the cars should be furnished. During the interval between the day on which the cars should have been delivered and the time when they were furnished Taylor made frequent inquiry, almost daily.

The cattle were delivered to Taylor at El Paso and by him reshipped on another road to a point in Mexico. When Taylor made the demand for the cars he intended to finally ship the stock by another road to Colonia Dublan, Chihuahua Mexico, as he subsequently did.

After the failure of the Texas & Pacific Railroad Company to furnish the cars and after the stock had been shipped to Mexico Taylor's father transferred his claim for damages to the defendant in error.

The railroad company pleaded that it was prevented from furnishing the cars within the time required by law by conditions over which it had no control and it was without fault in the premises. There was proof from which a jury might have found this fact to be true, but the Court of Civil Appeals found that the evidence was not so conclusive as to justify the trial court in instructing a verdict for the defendant.

The delay was ten days over the time allowed for delivery of the cars and the plaintiff recovered from the defendant $25 per day for each car for the ten days.

This suit was based upon the following provisions of our Revised Statutes:

"Art. 4497. When the owner, owners or managers of any freight of any kind shall make application in writing to the superintendent or person in charge of transportation, to any railroad company operating a line at the point the cars are desired upon which to ship any freight, it shall be the duty of such railway company to supply the number of cars required at the point indicated in the application within a reasonable time, not to exceed six days from the receipt

thereof, and shall furnish such cars to the persons applying therefor in the order applied for, without giving preference to any person."

"Art. 4499. When cars are applied for under the provisions of this chapter, if they are not furnished the railway company so failing to furnish them shall forfeit to the party or parties so applying for them the sum of twenty-five dollars per day for each car failed to be furnished, to be recovered in any court of competent jurisdiction, and all actual damages that such applicant may sustain."

"Art. 4502. It shall be necessary for the party or parties bringing suit against any railroad company under the provisions of this law, to show by evidence that he or they had on hand at the time any demand for cars was made the amount of lumber, cotton, wool, hides or other freight necessary to load the cars so ordered; provided, that the provisions of this law shall not apply in cases of strikes or other public calamity."

The plaintiff in error assigns in this court that the trial court erred in refusing to give to the jury a peremptory instruction to find for the defendant. Under this assignment it is contended under different propositions that the undisputed evidence established these facts:

First. That the plaintiff did not have the stock on hand when he ordered the cars. The appellee bought the stock and had them at the time within five miles of the station at Colorado ready to be loaded within a few hours after receiving notice of the arrival of the cars. He had the stock "on hand" within the terms of the statute. Crouch v. Parker, 56 N. Y., 597.

Second. That the plaintiff was not the sole owner of the stock to be shipped. The language of the statute itself answers this objection, for it provides that "when any owner, owners or manager of any freight of any kind shall make application," etc. Then in a subsequent article it is declared that in case the cars shall not be furnished, the railroad company "shall forfeit to the party or parties so applying for them the sum of $25 per day," etc. Taylor was the party who applied for the cars, was a part owner with his father of the stock and before the institution of this suit his father transferred his claim for damages to defendant in error, so that, in any event, Taylor was entitled to recover the whole amount in this case.

Third. It is contended that the undisputed evidence showed that the failure to deliver the cars was caused by the congested condition of the business of the railroad company and that the company was not in fault in any way for the failure. The fact that the evidence offered is undisputed is not sufficient to justify a peremptory charge. It must be so conclusive that reasonable minds seeking to arrive at a proper conclusion could not differ as to the effect of the testimony. The evidence in this case upon that point was not of the character that would exclude all difference of opinion as to the conclusion to be drawn, and therefore the charge was properly refused.

Fourth. It is claimed that Taylor had the intention when he ordered the cars and when he made the shipment to carry the stock into Mexico, therefore, it was a foreign shipment and the statute giving the penalties does not apply. Taylor ordered the cars in which

to ship his stock to El Paso. The bill of lading bound the Texas & Pacific Railroad Company to carry the stock to El Paso and there deliver them to Taylor. The stock was carried to El Paso and there delivered to Taylor and by him subsequently shipped by another railroad into Mexico. When the plaintiff in error delivered the stock to Taylor in El Paso its contract had been fully complied with and its liability terminated. This was purely and simply an intrastate shipment. Gulf, C. & S. F. Ry. Co. v. State, 97 Texas, 274; s. c., 204 U. S., 403; Houston Nav. Co. v. Insurance Co., 89 Texas, 1.

The case of the Gulf, C. & S. F. Ry. Co. v. State, 97 Texas, 274, and the same case in 204 U. S., 403, are directly in point and decisive of this case. The decision of each of the courts in that case rests upon the fact that the contract of the initial carrier terminated at the point where the freight was restored to the control of the shipper and a new contract became necessary to the transportation of the freight to the final destination. In 204 U. S., on page 413, Mr. Justice Brewer said:

"The one contract of the railroad companies having been finished he must make a new contract for his carriage to Goldthwaite, and that would be subject to the law of the State within which that carriage was to be made. . . . To state the question in other words, if the only contract of shipment was for local transportation, would the State law in respect to the mode of transportation be set one side by a Federal law in respect to interstate transportation on the ground that the shipper intended after one contract of shipment had been completed to forward the goods to some place outside the State? Coe v. Errol, 116 U. S., 517-527."

This court placed the decision of the case of Houston Navigation Co. v. Insurance Company, 89 Texas, 1, on the same ground, saying: "We do not understand that it is necessary that all of the carriers engaged in an interstate or foreign shipment shall be parties to the contract of shipment for the entire route. In fact, as we understand the decisions, the character of the commerce is not affected by the terms of the contract of the carrier as it relates to liability for the freight, but only insofar as it shows that it is or is not a part of a continuous carriage from the beginning point to the point of destination."

We are of the opinion that there was no error in the judgment of the Court of Civil Appeals and it is therefore affirmed.

### ON MOTION TO CORRECT STATEMENT OF FACT IN OPINION.

In our opinion it is said: "The bill of lading was made to Taylor and called for the stock to be delivered to him at El Paso but the freight charges from Colorado to El Paso were payable at a place in Mexico to which the cattle and horses were shipped from El Paso." The word "payable" used in this statement is an error; it should have been, "were paid at a place in Mexico." The evidence showed that by the direction of the agent of the Texas & Pacific Railway Company, Taylor paid the charges for the shipment to El Paso to the agent of the R. G. S. M. & P. Ry. Co., in Mexico. We therefore

make this correction of the statement in the opinion as pointed out by the motion of the defendant in error.

<em>Affirmed.</em>