ATCHISON, T. & S. F. RY. CO. et al. v. LUCAS.

(Court of Civil Appeals of Texas. Galveston. Dec. 17, 1910. On Motion for Rehearing May 16, 1912. Motion for Further Rehearing Denied June 6, 1912.)

1. TRIAL (§ 191*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

An instruction assuming as a fact a matter which was proven only by the uncorroborated testimony of plaintiff is erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

On Motion for Rehearing.

2. APPEAL AND ERROR (§ 1078*)—REVIEW—QUESTIONS PRESENTED.

Where one defendant's brief had no assignment of error as to the giving of a charge not supported by the evidence, the judgment must stand as to it, despite that error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4256–4261; Dec. Dig. § 1078.*]

Appeal from Harris County Court; A. E. Amerman, Judge.

Action by Mrs. R. A. Lucas against the Atchison, Topeka & Santa Fé Railway Company and another. From a judgment for plaintiff, defendants appeal. Judgment reversed and remanded as to the defendant named, and affirmed as to the other after answers by the Supreme Court to certified questions, found in 144 S. W. 1126.

Terry, Cavin & Mills and A. H. Culwell, all of Galveston, and Rodman S. Cosby, of Houston, for appellant Atchison, T. & S. F. Ry. Co. Baker, Botts, Parker & Garwood, Lane, Wolters & Storey, and Wm. A. Vinson, all of Houston, for appellant Texas & N. O. R. Co. L. E. Blankenbecker and Norman Atkinson, for appellee.

REESE, J. This is a suit instituted in the county court by Mrs. R. A. Lucas against the Atchison, Topeka & Santa Fé Railway Company and the Texas & New Orleans Railway Company to recover damages for her ejection from one of the passenger trains of the latter company. A trial resulted in a verdict and judgment for plaintiff for $500. Upon motion for a new trial the court suggested a remittitur of $100, which was filed, and thereupon the judgment was finally entered for $400. From the judgment, their motion for a new trial having been overruled, the defendants appeal.

On December 3, 1907, appellee purchased at Atlanta, Ga., from the Atlanta & West Point Railway Company, a ticket to Oklahoma City and return over the issuing road and several connecting lines, including the Texas & New Orleans Railroad, and the Atchison, Topeka & Santa Fé Railroad; the latter road being the terminal line in her route. The ticket was issued with the following conditions printed thereon:

"First. In selling this reduced rate ticket for passage over other lines, and in checking baggage on it, this company acts only as agent, and is not responsible beyond its own line."

"Fourth. This ticket shall not be good for return passage unless the holder identifies him or herself by signature on the back thereof, and otherwise, as original purchaser, to the satisfaction of the agent of terminal line at destination of ticket, and when officially signed and stamped by said agent, this ticket shall then be good for return passage of the original purchaser only, leaving destination only on date so stamped and cancelled on back, provided, return passage is made to original starting point within the number of days indicated under head of return transit limit."

"Ninth. That no agent or employé of any line over which the purchaser is entitled to travel by the terms of this ticket has any power to alter, modify or waive in any manner any of the conditions named in this contract.

"In consideration of the reduced rate at which this ticket is sold, I, the original purchaser, hereby agree to be governed by all the conditions, as stated above, and by all other reasonable rules and regulations of any of the companies over whose line it reads, constituting part of this contract, and that I will not seek to hold any of such companies liable for damage resulting to me from any statement of any employé thereof not in accordance with the terms of this contract, as expressed upon this ticket.

"To Purchaser: Read the contract, and take notice that the return part of this ticket must be stamped and your signature witnessed in the manner prescribed before it will be honored for passage."

Upon this ticket appellee was carried over the several lines to Oklahoma City. On or about the 17th of December, desiring to return to her home at Atlanta, it is alleged in the petition, and testified by appellee, that she presented this ticket to the agent of the Atchison road at Oklahoma City in order

that she might be identified and the ticket validated by said agent for her return trip; that she called upon the agent to stamp the ticket, and insisted that he do so, in accordance with the conditions thereof, but the agent declined to sign and stamp the ticket and assured appellee that the proper place to have this done was at Houston, where she was going to stop over. Appellee then proceeded over the Atchison, Topeka & Santa Fé and the Gulf, Colorado & Santa Fé lines to Houston; no objection being made on either line to the ticket. When she presented her ticket to the agent of the Texas & New Orleans Company at Houston to be validated by signing and stamping, the agent refused to do this, telling her that he had no authority to do so, but it should have been done at Oklahoma City by the agent of the Atchison road. Appellee explained to him that she had tried to have this done, telling him of the circumstances stated above; but the agent at Houston persisted in his refusal on the ground of his want of authority. Appellee then boarded the train of the Texas & New Orleans Railroad, and when the conductor called for her ticket produced the unvalidated return trip ticket referred to. The conductor refused to accept it for passage, although she explained to him her efforts and failure to get it validated, and told her he would have to put her off unless she paid fare. This she refused to do, as she had not the money, and the conductor, accordingly, put her off at Dayton, a station a short way out of Houston, using no more force than was necessary and acting without any harshness, as expressly found by the jury. Appellee remained at Dayton, according to her testimony about 2 hours, according to the testimony of trainmen about 20 minutes, when she caught a train for Houston and returned to that point. She remained there a day or two, and, her ticket having been fixed by the General Passenger Agent of the Texas & New Orleans Company, she left for her home. Appellee testified that the weather was bad when she was put off, that she was unwell, and when she returned to Houston she had to send for a doctor; that she had to borrow money to pay her expenses there, etc. She also testified that she was very harshly treated by the conductor in ejecting her from the train at Dayton, but by special finding the verdict of the jury negatived this. Testimony was introduced by appellants, which, if true, showed that appellee was assured by the ticket agent at Houston that she would not be allowed to ride on this unvalidated ticket; that she tried to pass through the gate to the train shed, which was necessary to gain access to the train, where she was required to exhibit her ticket; that she showed to the gateman her return trip ticket, which he refused to accept, and refused to let her pass through the gate; that she then bought a ticket to Liberty, a station on the line of the Texas & New Orleans Company, a few miles beyond Dayton, where she was put off, and upon this ticket she was allowed to pass through the gate and board the train.

As we have concluded that the judgment should be reversed and the cause remanded, we will indicate briefly the grounds of our action; the questions arising being presented by appropriate assignments of error.

The court instructed the jury that the ticket agent at Oklahoma City was the agent of both the Atchison, Topeka & Santa Fé road and the Texas & New Orleans road for the purpose of validating the plaintiff's ticket, and both roads would be liable for the result of his failure to validate plaintiff's ticket. This charge was correct, as applied to the facts of this case. The company at Atlanta which sold the ticket was the agent of each of the connecting lines for this purpose, and its act in designating the agent of the terminal line at Oklahoma City as the person by whom the ticket should be validated for the return trip was the act of each of the connecting lines, and made such agent the duly authorized agent of each line for this purpose. Each coupon of the through ticket must be taken as though issued by the company over whose line it calls for passage. McCollum v. Railroad, 31 Utah, 494, 88 Pac. 664; Mills v. Railroad, 111 Md. 260, 73 Atl. 885, 134 Am. St. Rep. 599; 6 Cyc. 571.

This does not conflict with the condition that neither of the connecting lines should be responsible beyond its own line. It follows that when appellee had done all that she was required to do to have her ticket validated, but was unable to do so through the refusal of the agent of all of the lines to do his duty, she had not forfeited her right to transportation over each of the lines upon this ticket, and was therefore wrongfully ejected. Railway Co. v. Payne, 99 Tex. 46, 87 S. W. 330, 70 L. R. A. 946, 122 Am. St. Rep. 603.

The terminal line had impliedly contracted with the passenger that it would, through its agent, validate the ticket so as to make it good for return passage over all the lines and was responsible for such damages as resulted from its failure to do so, on either of the connecting lines, but each of the other lines would be liable only for such damages as might thereby result on its own line.

[1] It was error to instruct the jury, in substance, that appellee had tried to have her ticket validated at Oklahoma City, but had not been able to do so, on account of the refusal of the agent there. The only testimony on this point was that of appellee. She was an interested witness, and in addition her testimony on other points was sharply contradicted, and as to the circumstances under which she was ejected from the train, the jury, by a special finding, declared her testimony to be untrue. The jury

was not bound to believe her uncorroborated statement, although not contradicted, and the issue should have been submitted to the jury. Coats v. Elliott, 23 Tex. 613; Railway Co. v. Johnson, 23 Tex. Civ. App. 192, 55 S. W. 772; Railway Co. v. Taylor, 103 Tex. 367, 126 S. W. 1117, 1200; Turner v. Grobe, 24 Tex. Civ. App. 557, 59 S. W. 583; Life Ins. Co. v. Villeneuve, 29 Tex. Civ. App. 133, 68 S. W. 203; Cosby v. Stimson, 26 S. W. 275; Gonzales v. Adoue, 56 S. W. 548; Crosby v. Presbyterian Church, 45 Tex. Civ. App. 111, 99 S. W. 586; Heierman v. Robinson, 26 Tex. Civ. App. 491, 63 S. W. 657; Heisig Rice Co. v. Fairbanks, 45 Tex. Civ. App. 383, 100 S. W. 960.

There was evidence which, if true, showed that appellee, when the agent at Houston refused to validate her ticket, knew that she would not be allowed to travel on it over the Texas & New Orleans road, that she applied for admission at the gate on this ticket and was refused, and then, in order to gain admission to the train, through the gate, bought a local ticket to Liberty, upon which she was passed through the gate. The passage through the gate was the same as admission to the train, and the case must be judged precisely as if appellee had presented herself with this ticket at the door of the car and been refused admittance by some person placed there for the purpose of examining her ticket, and had afterwards gained access to the train by any deceitful device. This circumstance takes this case out of the doctrine announced in Railway Co. v. Payne, supra, Railway Co. v. Halbrook, 12 Tex. Civ. App. 475, 33 S. W. 1028, Railway Co. v. Barlow, 104 Ga. 213, 30 S. E. 732, 69 Am. St. Rep. 166, and other cases which hold that a passenger having, by the terms of his contract, a right to be carried on his ticket, notwithstanding a failure to comply strictly with its conditions, due to the fault of the carrier, may assume that the carrier will do its duty until he learns to the contrary when he presents himself for transportation. Appellee, if this testimony be true, had in fact presented herself for transportation to the gateman, whose business it was to see that no one passed through the gate for the purpose of boarding the train who did not have a proper ticket. The railway chose to adopt this plan, instead of placing some one at the door of the car for this purpose. If in such case appellee could by any device gain access to the train and then charge the carrier with the consequences of her ejection, by the same process or reasoning after having been once ejected, she could by again boarding the train, if she could do so, charge the carrier with the consequences of a second expulsion, and so on as many times as this sort of a scheme could be worked. We do not understand this doctrine to be asserted by any decided case, nor to be a logical conclusion from the doctrine referred to as laid down in the Payne Case and other cases cited. So we must conclude that, if appellee obtained access to the train under the circumstances indicated, she did so with absolute knowledge that she would be ejected, and assumed the risk thereof. In such case it was her duty to treat the refusal of the gateman to allow her to pass through the gate as a final breach of the contract of the carrier, and to hold it for the damages resulting therefrom, but not for such damages as resulted from her further ejection from the train. Railway Co. v. Scoot, 34 Tex. Civ. App. 501, 79 S. W. 642. The mere refusal of the agent at Houston to stamp her ticket did not have this effect, nor his telling her that she would not be allowed to travel on the ticket. She could still, in spite of this, under the authorities cited, assume that the carrier would honor her ticket when presented for transportation. Charges were asked presenting this issue which were refused, and the question is presented by proper assignments of error. This refusal was, we think, error.

Other assignments of error not disposed of by what we have here said are overruled.

In view of another trial we will not pass upon the question of excess in the verdict.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

Upon the original submission of this case in this court, the judgment of the trial court was reversed and the cause remanded on two grounds: First, that the court erred in refusing to give a special charge submitting the issue that, when appellee was refused admission through the gate at the station, she should have accepted this as a breach of the contract of carriage, and was entitled to recover only such damages as accrued to her from such breach; and, second, for error in charging the jury as a matter of law that Mrs. Lucas had done all that she was required to do in trying to get her ticket validated or signed by the agent of the Atchison, Topeka & Santa Fé Railway Company at Oklahoma, this fact resting solely upon her own testimony. Upon motion for rehearing, the first question above stated was certified to the Supreme Court, and in answering such question it was held that this court was in error. A., T. & S. F. Ry. Co. et al. v. R. A. Lucas, 144 S. W. 1126. Opinion delivered by the Supreme Court March 27, 1912; opinion of this court December 17, 1910; neither yet officially published.

[2] As this leaves the second ground upon which our reversal rested—that is, that the trial court erred in charging the jury as matter of law that Mrs. Lucas had done everything she could do to have her ticket validated by the agent of the Atchison, Topeka & Santa Fé Railway Company at Okla-

homa City—the judgment of reversal would have to stand on account of this error. But in the motion for rehearing our attention is called to the fact that there is no assignment of error presented on the part of the Texas & New Orleans Railroad Company to this action of the trial court, but that, on the contrary, it is stated in its brief that the undisputed evidence established the fact referred to. The action was against both roads. The Texas & New Orleans Company in their answer, in case of recovery against it, sought recovery over against the Atchison, Topeka & Santa Fé Company. Judgment was rendered against both defendants in favor of plaintiff, but denying the prayer of the Texas & New Orleans Company for recovery over against its codefendant. No assignment of error to this part of the judgment is presented in the brief of the Texas & New Orleans Railroad Company. The parties made separate defenses, and filed separate briefs in this court. The judgment against the Texas & New Orleans Railroad Company cannot be reversed for errors not presented in its brief. As to it such errors must be considered as waived, and this is not affected by the fact that such errors are presented in the brief of its codefendant.

As the case stands, under the ruling of the Supreme Court in its answer to the certified question, no errors are presented in the brief of the Texas & New Orleans Railroad Company which authorize a reversal of the judgment against it, and as to it the judgment is affirmed. For the error in the charge of the court referred to, and properly presented by the second assignment of error of the Atchison, Topeka & Santa Fé Railway Company in its brief, and as to which we adhere to our former opinion, the judgment is reversed as to it, and the cause remanded for a new trial in accordance with the opinion of this court, except in so far as such opinion is overruled by the opinion of the Supreme Court referred to herein.