THOMAS et al. v. SAUNDERS.

(Court of Civil Appeals of Texas. Galveston. Oct. 29, 1912.)

1. TRIAL (§ 253*)—QUESTIONS FOR JURY—NEGLIGENCE—INSTRUCTIONS.

In an action for the negligent burning of farm machinery, charged to be due to the lighting of grass a mile and a half away, where the evidence raised the issue of negligence, and there was no evidence of a willful burning, an instruction that, if the jury found that defendant kindled the fire, they should find for the plaintiff, was error, as taking the issue of negligence from the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

2. EVIDENCE (§ 594*)—WEIGHT—TESTIMONY OF PARTY.

Although plaintiff gave the only testimony as to the value of the property charged to have been negligently burned, and was not contradicted, it was not conclusive on the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2431; Dec. Dig. § 594.*]

3. NEGLIGENCE (§ 139*)—INSTRUCTIONS.

In an action for the negligent burning of a hay-making outfit by a fire started in the

grass, where the evidence raised an issue whether the plaintiff was trespassing on the land, it was error not to instruct that defendant would not be liable if plaintiff was a trespasser, except for the consequences of a willful or malicious burning of the grass, or a burning in a reckless disregard of the consequences.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 371–377; Dec. Dig. § 139.*]

Appeal from Galveston County Court; Geo. E. Mann, Judge.

Action by T. W. Saunders against T. D. Thomas and another. Judgment for plaintiff, and defendants appeal. Reversed.

D. 'D. McDonald, of Galveston, for appellant Thomas. Guynes & Colgin, of Houston, for appellant Ward. Marsene Johnson, of Galveston, for appellee.

REESE, J. In this suit T. W. Saunders sued J. D. Thomas and R. Q. Ward in the county court to recover the value of certain personal property alleged to have been destroyed by fire on the prairie, caused by the negligent firing of the grass by defendants. The property was alleged to be of the value of $263.75. A trial with a jury resulted in a verdict and judgment in favor of plaintiff against both defendants jointly. Judgment was against Ward on his counterclaim against Thomas in the event of recovery of judgment against him. Both parties defendant appeal. Ward appeals both against the judgment in favor of the plaintiff against him, and the judgment against him on his cross-action against Thomas.

It is only necessary to state the general character of the action. Saunders was making hay in a certain pasture, which had been leased by Ward. Thomas was in charge of the pasture for Ward. Ward suggested to, or instructed, him to burn off the old grass, so as to make better pasturage. The time was September, 1909. Thomas set fire to the grass, and it is claimed by appellee, Saunders, that he rode away and left the fire to take care of itself; that it finally, in its course, reached his hay-making outfit, in spite of his efforts to stop it, and consumed or damaged some of his tools and implements. Negligence was charged against both defendants, who denied that the fire set by Thomas reached appellee's property, and denied the negligence, besides making general denial of the allegations of the petition. Ward pleaded over against Thomas, alleging that he had nothing to do with setting the fire, that, if anybody was liable for damages for the negligent setting of the fire, it was Thomas, and prayed for judgment against him in the event any judgment was rendered against him in favor of plaintiff. The nature of the case will further appear in the statement and discussion of the assignments of error.

[1] It was error to charge the jury that, if they found that Thomas kindled the fire that burned Saunders' property, they should find for the plaintiff. The evidence raised the issue of negligence on the part of Thomas in setting out the fire. He testified that where he started the fire was a mile or a mile and a half from the place where Saunders' outfit was, that it was a still, sultry day, that part of the ground had been cut over, that a 60-foot public road was between where the fire was started and Saunders' outfit, and that there was nothing on that side of the road which could have been injured by the fire. It clearly cannot be said, as matter of law, that Thomas was negligent in setting out the fire, which included the proposition that it was reasonably to be anticipated or foreseen that the fire would probably spread to Saunders' outfit. Neither of the defendants would be liable from the mere naked fact of the starting of the fire, unless it was done either willfully or negligently. The evidence certainly does not disclose a willful burning, and the issue of a negligent burning was for the jury. 1 Thompson on Negligence, 734, 735, 1258, 1268, 1413.

[2] It was also error to charge the jury that the value of the property was the amount testified to by appellee, Saunders. Although his was the only testimony as to the value of the property, and was not contradicted, the jury was not bound to believe it, coming, as it did, from the plaintiff in the action. A., T. & S. F. Ry. Co. v. Lucas, 148 S. W. 1149, decided by this court December 10, 1910, not officially published so far as we can find, in which the following cases are cited: Coats v. Elliott, 23 Tex. 613; Railway Co. v. Johnson, 23 Tex. Civ. App. 192, 55 S. W. 772; Railway Co. v. Taylor, 103 Tex. 367, 126 S. W. 1117, 1200; Turner v. Grobe, 24 Tex. Civ. App. 557, 59 S. W. 583; Insurance Co. v. Villeneuve, 29 Tex. Civ. App. 133, 68 S. W. 203; Cosby v. Stimson, 26 S. W. 275; Gonzales v. Adoue, 56 S. W. 548; Heierman v. Robinson, 26 Tex. Civ. App. 491, 63 S. W. 658; Heisig Rice Co. v. Fairbanks, 45 Tex. Civ. App. 383, 100 S. W. 960.

[3] The court erred in refusing to give special charge No. 1, requested by defendant Ward, as set out in the third assignment of error. The evidence raised the issue as to whether appellee was a trespasser on the land at the time of the fire. Ward testified that he had not given him permission to cut hay on this land. Something was shown about appellee having paid Ward for cutting hay on this land; but Ward denied having knowledge that the hay received by him came off of this land, and there was some testimony that this payment was made after the fire. If Saunders was a trespasser, then, as stated in the charge, Ward would

not be liable to him, except for the consequences of a willful or malicious burning of the grass, or a burning in reckless disregard of the consequences. Dobbins v. Railway Co., 91 Tex. 60, 41 S. W. 62, 38 L. R. A. 573, 66 Am. St. Rep. 856.

We think the charge requested by appellant Ward, and refused, as set out in the fourth assignment of error, should have been given. It was a correct statement of the law upon the issues presented by the evidence as to the right of Ward to recover over against Thomas under the conditions stated in the charge.

We think that the charge requested by appellant Ward, and refused, as set out in the fifth assignment of error, should have been given. It is a·correct statement of the law upon the issues presented by the evidence.

We have referred to the assignments of error as presented by the appellant Ward in his brief. This brief is adopted by appellant Thomas, who also presents many assignments of error in addition, which we do not think it necessary to pass upon. What we have said, we think, sufficiently indicates our views upon the law governing the facts as presented for the guidance of the court upon another trial.

For the errors indicated, the judgment is reversed as to both defendants, and the cause remanded for another trial in accordance with this opinion.

Reversed and remanded.