ST. PAUL FIRE & MARINE INS. CO. v. LASTER. (No. 7593.)

(Court of Civil Appeals of Texas. Dallas. June 10, 1916. Rehearing Denied July 1, 1916.)

1. INSURANCE ☞639—ACTION—COMPLAINT.

A complaint in an action on fire insurance policy need not allege that the fire did not result from causes for which insurer was not liable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1593, 1598; Dec. Dig. ☞639.]

2. TRIAL ☞141—QUESTION FOR JURY—LACK OF EVIDENCE.

It is proper to refuse to submit to the jury issues as to which there is no dispute, and on which only one conclusion could be reached by reasonable minds.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. ☞141.]

3. INSURANCE ☞665(4) — PROOF OF LOSS — STATUTORY PROVISION.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4874, providing that, in case of a total loss by fire, the claim shall be considered a liquidated demand against the company for the full amount of the policy, where the insured premises are a total loss, no showing or proof of the amount, etc., of the loss is necessary, for, since the policy sum is by the statute converted into a liquidated demand, suit may be commenced on it as on any other demand where the amount due has been ascertained.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1722; Dec. Dig. ☞665(4).]

Error from District Court, Freestone County; A. M. Blackman, Judge.

Action by G. W. Laster against the St. Paul Fire & Marine Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Elliott Cage, of Houston, for plaintiff in error.

RASBURY, J. Defendant in error sued plaintiff in error in the lower court, alleging in substance that in consideration of the payment of the premium demanded plaintiff in error insured defendant in error against all direct loss or damage by fire to his dwelling in the town of Teague, not in excess of $800; that while said policy was in force and while defendant in error was the owner of the premises, which were of the value of $1,500, they were totally destroyed by fire, by which the amount of the insurance became a liqui-

dated demand; that after the fire defendant in error performed all conditions required of him by the policy, giving notice of the fire to plaintiff in error more than 90 days before commencement of suit, and demanded payment of the sum of insurance, which was refused.

Plaintiff in error's answer, so far as necessary to state, consisted of a general demurrer, general denial, and special pleas denying the performance by defendant in error of all conditions required by the policy, and alleging that the policy was void because the fire originated by the act, design, or procurement of defendant in error.

Upon conclusion of the evidence the court peremptorily directed the jury to return verdict for the defendant in error for the full amount of the policy, which was done and upon which verdict was accordingly entered. From such entry this appeal is prosecuted.

[1] The first assignment complains of the overruling of plaintiff in error's general demurrer. In connection with the demurrer it is provided by the policy, which is attached to and made a part of the petition, that the plaintiff in error shall not be liable for loss by fire occasioned by invasion, insurrection, riot, etc. The petition did not aver that the fire resulted from causes other than those from which plaintiff in error was exempted. The proposition advanced is that as a consequence of such omission the petition did not state a cause of action and the general demurrer should have been sustained. In support of its contention plaintiff in error cites Pelican Ins. Co. v. Troy Co-op. Ass'n, 77 Tex. 225, 13 S. W. 980, and Phœnix Ins. Co. v. Boren, 83 Tex. 97, 18 S. W. 484.

The general and apparently the uniform rule is that:

"Where a policy insures generally against a particular peril, and contains a further clause exempting the company from liability for loss caused in a certain manner, which would otherwise have fallen within the general terms of the policy, the burden is upon the insurer to allege and prove that the loss fell within the exemption." 4 Cooley's Briefs on Insurance, 3025.

Another eminent authority states the rule to be that:

"The plaintiff need not aver the * * * performance or nonperformance of conditions subsequent, nor negative prohibited acts, nor allege that he is within the excepted risks." 2 May, Insurance, § 490, p. 1377.

By another accepted authority it is said:

"It is not necessary to negative the occurrence of facts which would constitute a breach of condition subsequent, nor to aver that the loss is not within exceptions contained in the policy, * * * and in general plaintiff need not negative facts which might be set up by the company as a defense." 19 Cyc. 921, 922.

Accompanying the texts quoted are many cases from many jurisdictions cited in support of the rule.

Recurring, then, to the cases from the Supreme Court cited by plaintiff in error in

support of its contention, which, it must be conceded, tend to support the contention, we conclude they are not controlling, because the holdings in those cases have been in effect modified by the Supreme Court itself. In Burlington Insurance Co. v. Rivers, 9 Tex. Civ. App. 177, 28 S. W. 453, in referring to the holding in the Supreme Court cases, supra, it was said that:

"While the precise question now under consideration does not appear to have been decided in either of those cases, it must be conceded that both of them * * * tend strongly to support the proposition upon which they are cited. Still * * * believing that the weight of authority supports a different and better rule, * * * we decline to follow them."

Many cases are cited in the Rivers Case in support of the rule as we have stated it, and as it is stated in the Rivers Case, and the opinion closes with a quotation from East Tex. Fire Ins. Co. v. Dyches, 56 Tex. 566, wherein on the present issue it is, in effect, held that matters of contract in the nature of conditions subsequent, or exemptions from liability, or the prohibition of certain acts by the parties thereto, are matters of defense, and need not be noticed by plaintiff in his petition. The Rivers Case did not and could not, because of want of jurisdiction, reach the Supreme Court. However, in the subsequent case of Hartford Fire Ins. Co. v. Watt, 39 S. W. 200, where the identical question was involved, and which was decided in consonance with the Rivers Case, and which did reach the Supreme Court, that court refused a writ of error, thereby approving the departure from the rule announced in former cases. For the reasons stated, we conclude that the court below correctly overruled the general demurrer.

[2] The action of the court in refusing to submit to the jury whether the insured property was a total loss is assigned as error. We have carefully read all the evidence adduced on the issue of the extent of the damage to the property, and every witness, in effect, stated that the house was a total loss. Some of the witnesses stated that inconsiderable portions of the framework were left standing, and some that portions of the foundation remained. Neither fact, however, would, under article 4874, Vernon's Sayles' Civil Stats., render the house any the less a total loss, and hence a liquidated demand. Murphy v. Am. Cent. Ins. Co., 25 Tex. Civ. App. 241, 54 S. W. 407. That being true, the record contains no evidence save that which shows the building to have been a total loss, and from which it further follows that there was on that issue nothing to be submitted to the jury.

It is also urged that the court erred in not submitting to the jury whether or not the fire originated by any act, design, or procurement of defendant in error. There is in the record no work or circumstance which could have supported such a finding. Plaintiff in error offered no testimony of any char-

acter on the issue which it is claimed should have been submitted, or on any other issue in the case so far as the record discloses. Defendant in error, while on the stand, testified at the instance of his counsel that he did not set the fire which destroyed the house, or procure another to do so. Plaintiff in error declined to cross-examine defendant in error on that issue, but permitted his statement in that respect to stand unchallenged. It is therefore palpable, we think, that the issue was not made, and should not have been submitted to the jury.

It is also urged that the court erred in refusing to submit to the jury whether or not defendant in error was the sole and unconditional owner of the premises destroyed by fire. On the issue of ownership defendant in error testified that he was the owner of the premises at the time same were destroyed. Plaintiff in error did not cross-examine defendant in error on that issue. Nor was any original evidence tendered on such issue by defendant in error. Accordingly it was in evidence without dispute that defendant in error was the owner of the property.

In reference to the three preceding assignments of error, in connection with which it is urged that the case should have been submitted to the jury, notwithstanding the evidence on the several issues was without dispute or contradiction, on the theory that the jury was not compelled to accept as true the facts testified to by defendant in error, we understand the rule to be, not that the jury can return a verdict contrary to the undisputed and uncontradicted facts proven in evidence, but that the court cannot withdraw or refuse to submit the case to the jury, save in cases where the evidence is so conclusive of the issues that "reasonable minds, seeking to arrive at a proper conclusion, could not differ as to the effect of the testimony." T. & P. Ry. Co. v. Taylor, 103 Tex. 367, 126 S. W. 1117, 1200. After reviewing the evidence in the instant case, we conclude that it is of that character and force which excludes all difference of opinion as to the facts deducible therefrom, and that hence the court properly instructed verdict for defendant in error.

[3] The two remaining assignments of error relate to the introduction of a letter offered for the purpose of proving waiver of proofs of loss and to the refusal of the court to submit to the jury the issue of whether proofs of loss were in fact furnished as required by the policy. At another place in this opinion we hold that the evidence shows that the insured premises were a total loss, which by statute converted the sum of the policy into a liquidated demand, which made a showing or proof of the amount, etc., of the loss unnecessary, since suit could be commenced on the policy as on any other demand ascertaining the amount due. Continental Ins. Co. v. Chase, 33 S. W. 602; Ham-

burg-Bremen, etc., Ins. Co. v. Ruddell, 37 Tex. Civ. App. 33, 82 S. W. 827; Georgia Home Ins. Co. v. Leaverton, 33 S. W. 580; London & L. Fire Ins. Co. v. Schwulst, 46 S. W. 91.

Finding no error in the record the judgment is affirmed.