## PEERLESS FIRE INS. CO. v. BARCUS.
### (No. 6260.)

(Court of Civil Appeals of Texas. Austin, Dec. 15, 1920. Rehearing Denied Feb. 2, 1921.)

1. **Trial** &#9758;143—**Question is for the jury where testimony of interested party is contradicted.**

The court is without authority to withdraw any issue of fact from the jury where testimony is not uncontradicted.

2. **Trover and conversion** &#9758;50—**Damages for conversion of note face value.**

If one converts a note to his own use, the measure of damages is prima facie the face value of the note, and it devolves upon the defendant to show that it was of less value.

3. **Trial** &#9758;140(2)—**Case for jury where established by the party's own uncontradicted testimony.**

Where a party's case is proven only by his own testimony, it is an issue of fact for the jury, even though it be uncontradicted and unimpeached.

4. **Attorney and client** &#9758;167(2)—**Whether attorney was guilty of collusion forfeiting compensation held for jury.**

In corporation's action against liquidator for conversion of note after expiration of term for which he had been appointed, defended on ground that he had been authorized to sell note and apply proceeds to payment of fees for services which he had rendered the corporation, the question of whether he had been guilty of collusion with a surety on the notes involved in the litigation, whom he had failed to sue, and was not therefore entitled to payment for such services, *held* an issue of fact for the jury.

5. **Appeal and error** &#9758;756—**Typewritten briefs should be double spaced.**

Typewritten briefs should be double spaced and typewritten on good paper.

### On Motion for Rehearing.

6. **Insurance** &#9758;24—**Statutes prohibiting foreign corporations without permit from suing not applicable to insurance company.**

Under Rev. St. 1911, art. 1319, an insurance company is not subject to articles 1314 and 1319, prohibiting a foreign corporation without permit to do business in the state from maintaining a suit in any court in the state.

7. **Corporations** &#9758;642(2)—**Foreign corporation which only sold stock and thereby acquired personal property held not "doing business" in state.**

A foreign corporation which had never gone beyond the promotion stage, and which had never done any business except to sell stock and to acquire through such sales some personal property, and which was in the process of liquidation, was not "doing business" in the state within Rev. St. 1911, arts. 1314, 1318, requiring foreign corporations to secure permit to "do business in this state" in order to maintain an action in any state court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

Error from District Court, McLennan County; Erwin J. Clark, Judge.

Action by the Peerless Fire Insurance Company against George W. Barcus. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

W. L. Eason and Weatherby & Rogers, all of Waco, for plaintiff in error.

### Findings of Fact.

JENKINS, J. Plaintiff in error was chartered under the laws of Arizona, and authorized to do a fire insurance business. Its principal office was in Waco, Tex. C. H. Cox was its president. The company never got beyond the promotion stage; that is to say, it did no business, except to sell stock and to acquire through such sales some personal property. On February 15, 1916, at a stockholders' meeting, it was resolved to liquidate the affairs of the company. At this meeting there was elected a board of directors, one of whom was C. H. Cox. There were also appointed two liquidators, namely, C. H. Cox and defendant in error herein. The liquidators were authorized to reduce the property of the company to cash, and to distribute the same. The term of their employment was for one year, unless the business of the concern was wound up at an earlier date. Cox was to receive $125 per month, and defendant in error $50 per month. It was provided in the resolutions appointing the liquidators that they were to make no contracts, unless the same were reduced to writing, signed by both parties, and filed with the papers of the company. The board of directors elected no president. During the year of their employment Cox employed defendant in error to represent the company in certain litigation at Dallas, and also in De Witt county, for which defendant in error charged the company $500 in the first case, and $100 in the latter case.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(227 S.W.)

Plaintiff in error was the owner of a vendor's lien note of the face value of $2,500. This note was sold by defendant in error after the expiration of the 12 months for which he was appointed one of the liquidators, and the proceeds were applied by him to the payment of his fees, an extra month's salary, and other indebtedness which he claimed plaintiff in error owed.

At the conclusion of the testimony, the court peremptorily instructed a verdict for the defendant in error.

### Opinion.

[1] The court is without authority to withdraw any issue of fact from the jury, where the testimony is not uncontradicted, and coming from a source other than from one of the interested parties. Practically all of the issues raised by the pleadings and the evidence in this case were issues of fact that the court was not authorized to withdraw from the jury.

[2] Whether or not defendant in error was authorized to sell the note after the expiration of the term for which he was appointed liquidator was an issue of fact. If he had no such authority, he was guilty of converting the note. If one converts a note to his own use, the measure of damages is prima facie the face value of the note, and devolves upon the defendant to show that it was in fact of less value. Ramsey v. Hurley, 72 Tex. 200, 12 S. W. 56; Kirkpatrick v. Bank, 148 S. W. 362; Morris v. Smith, 51 Tex. Civ. App. 357, 112 S. W. 130; France v. Gibson, 101 S. W. 536; Knipper v. Blumenthal, 107 Mo. 665, 18 S. W. 23.

[3] The value of defendant in error's services in representing the company in the cases referred to was shown only by his own testimony. Where a party's case is proven only by his own testimony, it is an issue of fact for the jury, even though it be uncontradicted and unimpeached. Burleson v. Tinnin, 100 S. W. 350; Atchison, T. & S. F. Ry. Co. v. Lucas, 148 S. W. 1149; Turner v. Grobe, 24 Tex. Civ. App. 554, 59 S. W. 583.

[4] Plaintiff in error alleged collusion between defendant in error and Cox by reason of which he failed to sue Cox, who was surety on the notes involved in the litigation above referred to, and that for that reason he was not entitled to any fee at all. This raised an issue of fact for the jury.

It was an issue of fact for the jury whether defendant in error was entitled to salary for one month after the expiration of his appointment, and also whether Cox was entitled to such salary, which was paid by defendant in error.

Defendant in error also paid a stenographer for alleged services. It was denied by plaintiff in error that such services were rendered, or that they were of the value charged. This was an issue of fact for the jury.

[5] The plaintiff in error in this case filed a single-spaced, typewritten brief, all copies of which were on thin paper. Such briefs are scarcely legible. Similar briefs have been filed by other parties in this court, perhaps in attempting to comply with the rule requiring briefs to be printed if over sixteen pages. It is a rule of this court that a typewritten brief, double spaced, on good paper, will be accepted as a printed brief. If attorneys persist in filing single-spaced briefs, on thin paper, we will be compelled to enforce the rule of having their briefs properly copied, at the expense of their clients.

For the error of the court in peremptorily instructing the jury to return a verdict for defendant in error, this case is reversed, and the cause remanded for a new trial.

### On Motion for Rehearing.

Defendant in error insists that we erred in our opinion herein, for the reason that the plaintiff in error was a foreign corporation, having no permit to do business in Texas, and therefore debarred under the provisions of articles 1314 and 1318 of the Revised Statutes from maintaining any suit in the courts of this state.

[6] The plaintiff in error, being an insurance company, was not required to obtain a permit to do business in this state from the secretary of state, but by article 1319 was exempt from the provisions of articles 1314 and 1318.

[7] Under the facts of this case, plaintiff in error was not doing business in this state within the meaning of articles 1314 and 1318.

Motion overruled.