## POULOS v. PULASKI.

### No. 10781,

Court of Civil Appeals of Texas. Galveston.

May 18, 1939.

Rehearing Granted June 8, 1939.

Rehearing Denied July 13, 1939.

J. A. Drossos, of Houston, for appellant.

Alexander T. Sidman, of Houston, for appellee.

CODY, Justice.

This is a county court case; one brought by appellant against appellee for damages which he alleged he sustained by reason of the destruction of merchandise which was in his truck at the time of the collision, and for the loss of the use of his truck, caused by the negligent driving of appellee's servant.

The case was submitted on special issues to a jury who answered all of them favorably to appellant, and awarded him damages in the sum of $71.35; and judgment was accordingly entered upon the verdict.

■ ■ Appellant alone testified as to the value of the merchandise that was in the truck. Without detailing the evidence, we rule that the jury did not exceed its province in fixing appellant's damages therefor in the sum of $71.35. This sum was just half of the value that appellant's petition alleged that the merchandise had, but the jury was warranted in believing, under the circumstances of this case, that appellant could have presented more accurate evidence of the items that were destroyed, and their values. And, as the truck had been making deliveries for some six hours, the jury was warranted in believing that the load had been considerably depleted by the time of the accident. The court certainly could not have instructed the jury to return a verdict for the value in the sum of $150, as testified to by appellant. This was greater than such value was alleged to be in his petition. And even if his evidence had been positive and the best that it was in his power to produce, since he was an interested witness, the question of the credibility of his evidence must still be submitted to the jury. Mills v. Mills, Tex.Com.App., 228 S.W. 919; Thomas v. Saunders, Tex.Civ.App., 150 S.W. 768.

On the question of whether the court should not have submitted an issue as to the reasonable value of the repairs to appellant's truck, we have had much more trouble in deciding. That the truck was substantially damaged is apparent. And there was direct evidence of what appellant was charged for new fenders and panels to be placed on the truck, and for the labor of placing them there. But if we assume that it might be inferred such repairs were necessary, we are unable to say that the court erred in refusing to submit issues on the reasonable value or market value of such repairs in the absence of any testimony, other than that the prices compared with the prices of certain other firms; there being no evidence of what these other firms dealt in.

Judgment affirmed.

On Appellant's Motion for Rehearing.

■ On his motion for rehearing appellant now points out that there is evidence in the record to the effect that the collision caused the damages which were re-

paired, and made necessary the replacing of a rear fender with a new rear fender, and so of the right body panel. He further points out that there was evidence that the market value of the rear fender was $8.50, and also that there was evidence that the market value of the body panel was $56.50. Appellee does not contest this statement in appellant's motion for rehearing. It was therefore error for the court to have failed to submit an issue as to the reasonable value of the repairs to appellant's truck. Judgment must therefore be reversed and the cause remanded.

Appellant's motion for rehearing granted, and judgment reversed and cause remanded.