## J. L. MORRIS v. L. P. C. SMITH.

Decided June 17, 1908.

**1.—Trustee—Purchase of Land—Resulting Trust.**

Whenever a trustee or other person in a fiduciary position, acting within the scope of his powers, purchases land or other property with trust funds or funds in his hands impressed with a fiduciary character, and takes the title to such property in his own name without any declaration of a trust, a trust with respect to such property at once results in favor of the original beneficiary.

**2.—Same—Case Stated—Conversion.**

M. and S. were equal joint owners of a promissory note secured by vendor's lien on land; S. entrusted the collection of the note to M. who obtained judgment thereon, sold the land and bought it in through another party with whom he was interested; the land was worth much more than the amount of the incumbrance on it. Held, that S. was entitled to his proportionate part of the land or of the profits secured by means of the judgment in which he was interested. This right, however, he might waive and sue for the value of his part of the note converted by M.

**3.—Conversion—Damages—Interest—Pleading.**

A plaintiff in a Justice Court sued for the sum of $180 for the conversion of a promissory note; the transcript failed to show that the plaintiff sought to recover interest as a part of his demand either in the Justice Court or in the County Court, to which the case was appealed. Held, that while the plaintiff would have been entitled to recover in the proper court the value of the converted note and, under the name of damages, interest thereon from the date of the note to the date of the conversion, still in the absence of such pleading the sum sued for, $180, was the limit of his recovery, and a judgment allowing interest on the value of the note was erroneous.

**4.—Appeal—Agreement in Brief.**

An Appellate Court cannot accept an agreement in the briefs of the parties as a substitute for what the law requires to be shown in the transcript.

Error from the County Court of Tarrant County. Tried below before Hon. John L. Terrell.

*Robt. G. Johnson,* for plaintiff in error.

*B. J. Houston,* for defendant in error.

CONNER, CHIEF JUSTICE.—Defendant in error instituted this suit in a Justice Court for damages for the alleged conversion of a promissory vendor's lien note. His damages were laid in the sum of one hundred and eighty dollars. The judgment in the Justice Court was in favor of plaintiff in error. In the County Court, however, in a trial before a jury, there was a judgment for defendant in error in the sum of $244.20, from which this appeal has been prosecuted.

Briefly stated, the undisputed facts show that plaintiff in error had been entrusted with the collection of a note in which defendant in error had an undivided interest of about one hundred and sixty-five dollars, plaintiff in error being the owner of the other undivided interest. The note was secured by the vendor's lien upon a certain tract of land subject to a prior lien in favor of one Dave Smith. The evidence further

shows that plaintiff in error in the proper court instituted suit in his own name upon the note so jointly owned by the parties to this suit, and obtained a judgment for the amount due on the note with a foreclosure of the lien and order of sale, the order of sale providing that the prior mortgage of Dave Smith, who had been made a party to the foreclosure suit, be first paid out of the proceeds of the sale. The undisputed evidence further shows that plaintiff in error, by virtue of the order of sale procured by him as stated, secured the sale of the land, and it was bought in by Wade Hampton for the sum of three hundred dollars. Wade Hampton was a partner with plaintiff in error in the real estate business, and the three hundred dollars was paid in part by a credit upon the judgment. Plaintiff in error or said Hampton, or both, paid off the Dave Smith mortgage pursuant to an agreement made with his representatives before the sale. They thereupon divided the land so purchased by Hampton, and soon thereafter sold it for several thousand dollars in excess of an amount sufficient to discharge all liens that had been resting thereon.

It is insisted that the evidence was insufficient to sustain the verdict and judgment on the issue of the conversion of the note upon which defendant in error alleged he had an interest. In this, however, we entirely differ with the plaintiffs in error. In respect to the note, for the conversion of which defendant in error sued, plaintiff in error plainly acted in the relation of an agent or trustee, and equity will require of him a faithful fulfillment of his obligation. As to the interest of defendant in error in the note, it was his duty to act in the utmost good faith, and equity will not permit him to take advantage of or reap the benefit from the true relation so held by him. It is a principle of equity that whenever a trustee or other person in a fiduciary position, acting within the scope of his powers, purchases land or other property with trust funds or funds in his hands impressed with a fiduciary character, and takes the title to such property in his own name without any declaration of a trust, a trust with respect to such property at once results in favor of the original *cestui que trust* or other beneficiary. (1 Pomeroy's Equity Jurisprudence, section 422, 3d ed.) An application of this principle would have entitled defendant in error to his proportionate part of the land, or of the profits secured by means of the judgment, in which both parties hereto were jointly interested, but defendant in error, in his suit, saw proper to treat the note as converted rather than to attempt to share in the proceeds of the sale, and with such selection of remedy no one can complain, as defendant in error clearly had the right either to hold the property secured by means of the note and judgment thereon, or, if he preferred to do so, sue as he did as for a conversion. The evidence we think undoubtedly sufficient to authorize the jury and court in the conclusion that, by the prosecution of the judgment and subsequent sale of the land and entire appropriation of the proceeds, plaintiff in error converted the note wholly to his own use, and therefore, under well settled rule, became responsible to defendant in error for its value.

Plaintiff in error insists that the value was such only as the note, before the suit, would have brought upon the market, but in this also we must differ with plaintiff in error. We think the undisputed proof

shows that the note, at the time of its conversion, was in value worth all and more than the amount for which defendant in error sued.

Plaintiff in error, however, among other things, insists that the verdict of the jury and judgment is unauthorized in that interest was allowed upon the claim sued upon, and this contention we find we must sustain. The transcript entirely fails to show that in his suit defendant in error claimed any interest upon the demand for which he sued. In the proper court he would have been entitled to recover his interest of one hundred and sixty-five dollars in the converted note, and, as damages, interest thereon from the date of the note to the date of conversion. The interest, however, to which he would have been so entitled would be awarded as damages, and not as interest *eo nomine*. See Schulz v. Tessman & Bro., 92 Texas, 488; Gulf, W. T. & Pac. Ry. Co. v. Fromme, 98 Texas, 459. The one hundred and sixty-five dollars, plus interest so computed, however, would have made the amount of defendant in error's claim slightly in excess of the jurisdiction of the justice court at the time of the institution of his suit therein. It was necessary, therefore, in order that the justice court might have jurisdiction to proceed, that plaintiff reduce his demand to less than that to which he was entitled, and he, in fact, did so, the justice's transcript showing that he sued upon an account and for conversion for the sum of $180.00." This sum, therefore, constituted the limit of his recovery, and we find that, while the transcript from the Justice Court has undertaken to specify, as the statute requires, the pleadings of the party, it nowhere shows that defendant in error, as part of his demand, sought to recover interest, nor does the transcript show that such demand was made in the County Court, and the court's charge in the County Court failed to authorize the recovery for interest, and we must assume, therefore, that there was no pleading authorizing such recovery. It is true that in the brief for defendant in error there is a statement which is agreed to by the counsel for plaintiff in error, to the effect that, among other things, interest was, in fact, claimed originally in the County Court, but we know of no rule which would authorize us to thus substitute what the law requires to be shown in the transcript.

It follows that the judgment in the County Court should have been limited to the sum of one hundred and eighty dollars, and for the error in rendering a judgment in excess of that amount the judgment will be reversed and the cause remanded, unless defendant in error shall, within twenty days, file a remittitur of all such excess, in which event the judgment will be affirmed for the remainder, with the costs of appeal taxed against defendant in error.

*Reformed and affirmed.*