O'BANNON et al. v. PLEASANTS.

(Court of Civil Appeals of Texas. San Antonio. Jan. 15, 1913. On Motion for Rehearing, Feb. 5, 1913.)

1. Courts (§ 121*)—County Courts—Jurisdiction—Amount in Controversy.

Under Const. art. 5, § 16, conferring on the county court exclusive jurisdiction, where the matter in controversy exceeds in value $200, and does not exceed $500, exclusive of interest, the county court has no jurisdiction of an action for exactly $200, with interest.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–426, 428; Dec. Dig. § 121.*]

2. Appeal and Error (§ 493*) — County Courts—Jurisdiction — Amount in Controversy.

The record, on appeal from a judgment of the county court, must affirmatively show that the county court had jurisdiction, and how it was acquired.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2282–2284; Dec. Dig. § 493.*]

3. Appeal and Error (§§ 301, 719*)—Questions Reviewable—Jurisdictional Questions—Assignments of Error.

The question of the jurisdiction of the trial court may be raised on appeal, without assignment of error, and without presentation of the question in the motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755, 2968–2982; Dec. Dig. §§ 301, 719.*]

On Motion for Rehearing.

4. Appeal and Error (§ 1177*)—Jurisdiction—County Court—Amount in Controversy.

Where the petition, in an action in the county court for the value of a horse negligently killed, alleged that the suit was based on a bona fide claim for the value of the horse killed by defendant more than 30 days before the commencement of the action, and that plaintiff presented to defendant his claim for $200 as the value of the horse, and the cause was tried without a question as to jurisdiction, the court, on appeal from a judgment for $200, would not dismiss the cause for want of jurisdiction of the county court, but would remand the cause to enable plaintiff to amend the petition and avoid the question of want of jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.*]

Appeal from Ft. Bend County Court; Hon. G. C. Baker, Jr., Judge.

Action by R. G. Pleasants against A. D. O'Bannon and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded for new trial.

---

D. R. Peareson, of Richmond, for appellants. Russell & Peareson, of Richmond, for appellee.

TALIAFERRO, J. This suit was filed in the county court by R. G. Pleasants, keeper of a livery stable, to recover from A. D. O'Bannon, Morris Stern, and Sig Stern the value of a horse of plaintiff, claimed by him to have been killed by reason of the negligence of the defendants, and to recover also $20 attorney's fee. Before a hearing upon the merits, the plaintiff dismissed his cause against O'Bannon, and also that portion asking for attorney's fee against all the defendants. The value of the horse was alleged to be $200. Plaintiff did not ask for interest upon the value of the horse up to time of judgment; but in his prayer asked "for judgment for a specific sum, and for all other and further relief, general, special, and equitable, to which he is or may be entitled in law or in equity." From a verdict and judgment for the plaintiff for $200 and costs of suit, the defendants Stern and Stern prosecute this appeal.

Appellants' first assignment of error attacks the jurisdiction of the county court to try this case. The assignment is as follows: "The said judgment of the court and the said verdict of the jury in this cause rendered were rendered without authority of law, and same are void and without effect, because the amount involved does not exceed $200." Appropriate propositions support this assignment, which fairly present the issue of the court's jurisdiction. In his petition, the plaintiff laid the measure of his damages in the following language: "Plaintiff would further show that this suit is based upon a valid and bona fide claim for the value of the stock, to wit, one gelding, killed by defendants, their agents and servants; that on September 29, 1910, more than 30 days before the institution of this suit, plaintiff presented to defendants his claim for the value of said gelding, to wit, for the sum of $200."

[1] We think the proposition presented by this assignment is good, and it must be sustained. The jurisdiction of the county court is defined and limited by the Constitution (article 5, § 16), and provides that the county court "shall have exclusive jurisdiction in all cases where the matter in controversy shall exceed in value two hundred dollars, and not exceed five hundred dollars, exclusive of interest." Even if the language of the prayer were sufficient to include interest, which appellant contends that it is, it would not suffice to confer jurisdiction upon the county court. The county court has no jurisdiction of an action brought before it to recover exactly $200, with interest. Railway v. Rambolt, 67 Tex. 654, 4 S. W. 356; Garrison v. Express Co., 69 Tex. 345, 6 S. W. 842; Henderson v. Land Ass'n (Sup.) 7 S. W. 837.

[2] In Morris v. Smith, 51 Tex. Civ. App. 357, 112 S. W. 131, it was held that interest could not be awarded by the jury as damages, unless supported by specific allegations in the petition asking for interest. The record sent to this court must affirmatively show that the county court had jurisdiction of the cause, and how that jurisdiction was acquired. Chrisman v. Graham, 51 Tex. 454; Miller v. Bank, 1 White & W. Civ. Cas. Ct. App. § 1287; Edwards v. Morton, 92 Tex. 152, 46 S. W. 792; Albritton v. Bank, 85 S. W. 1008. The case of Railway v. Jackson, 62 Tex. 214, cited by appellee, is not in conflict with this conclusion. In that case the court decided that, in actions for damages, claims for interest may be assessed as a part of the measure of damage. But the question of the sufficiency of the pleading to present the issue was not involved.

[3] Appellee also urges that the appellant's assignments and propositions are not entitled to consideration, because the matters assigned as error were not properly presented to the trial court in the motion for a new trial. The matter here presented is jurisdictional and goes deeper than any matter of rules or forms. We must conclude that the county court had no jurisdiction to try this case, and that its judgment is void.

The judgment of the lower court is therefore reversed, and the cause dismissed for want of jurisdiction in the trial court.

### Upon Motion for Rehearing.

[4] Appellee, in his motion for rehearing, contends that this cause should not be dismissed for want of jurisdiction in the trial court, but that, if it must be reversed, it should be remanded for a new trial. Under the authority of Braggins v. Holekamp, 68 S. W. 57, and cases there cited, this motion is granted. As said by the court in that case, which was very similar in its facts to this one: "Inasmuch as the original petition showed jurisdiction, and inasmuch as the cause was tried without a question as to the jurisdiction, and plaintiff might and could have amended and avoided such question, if it had been made, we think it just and proper to remand the cause instead of dismissing it."

Therefore the judgment dismissing this cause is set aside, and the same is now reversed, and the cause remanded for a new trial.