SECURITY REALTY CO. v. CRITCHETT. (No. 885.)

(Court of Civil Appeals of Texas. El Paso. Nov. 21, 1918.)

1. APPEAL AND ERROR ⬤�longdash273(2) — SCOPE — DEFECTS IN PLEADING—NECESSITY OF RULING BELOW.

Objection that complaint in broker's action against his associates for share of commission failed to allege fraud in securing release given by him is available only on an action of the court on special exception to the pleading, in the absence of which no question is presented on appeal.

2. DAMAGES ⬤�longdash157(4) — INTEREST AS DAMAGES—GENERAL RELIEF.

Where broker sued associates for share in commission fraudulently concealed from him, and asked general relief, interest, being allowable as part of his damages, was properly included in the judgment, which did not exceed the amount sued for.

3. JUDGMENT ⬤�longdash251(1) — CONFORMITY WITH PLEADINGS.

Where broker sued on parol contract for one-half of commission collected by defendants from one party to an exchange, and defendants alleged the contract was for one-third of the commission collected from the other party, judg-

ment for one-third of the commission from the latter was within the pleadings.

4. BROKERS ⬤⇔86(1) — ACTIONS FOR COMMISSION—EVIDENCE.

In broker's action against associates for share of commission fraudulently concealed, evidence *held* to sustain finding that parol contract entitled him to one-third of such commission.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by J. C. Critchett against J. R. Ellis and Robert L. Morris, doing business as the Security Realty Company. Judgment for plaintiff, and defendants appeal. Affirmed.

In this suit, J. C. Critchett, plaintiff, sued defendants, J. R. Ellis and Robert L. Morris, a real estate firm, doing business under the firm name of Security Realty Company, to recover the sum of $1,625, alleged to be the unpaid balance of one-half of commissions claimed to be due him in an exchange of properties between J. R. Riordon and C. E. Kellogg. Kellogg owned a farm or ranch in the valley near Clint, Tex., and listed the property with Critchett for sale or exchange. Critchett listed the property for sale or exchange with Ellis & Morris, and alleges that said listing was on an agreement that, if the property was sold or exchanged, any commission realized would be equally divided between himself and Ellis & Morris. Ellis & Morris effected an exchange of properties between Riordon and Kellogg, and collected as commissions the sum of $750 from Kellogg and the sum of $2,744 from Riordon. On representation by Ellis & Morris that they had received as commissions the said sum from Kellogg, and that they had received no commissions from Riordon, Critchett executed and delivered to Ellis & Morris a receipt in full satisfaction, discharge, and release, for $250, in settlement of all commissions due him.

On special issues submitted, the jury found: That at the time of the exchange of the properties it was the agreement of Critchett and the firm of Ellis & Morris that Critchett should share in the commission to be paid by both parties to such exchange; that Critchett's share of such entire commission was to be one-third; that Critchett was not entitled to recover one-half of the commissions paid by Riordon and Kellogg by reason of a custom existing in El Paso at the time of said exchange of properties; that it was not the agreement between Critchett and Ellis & Morris that Critchett should only share in such commission as might be paid by Kellogg, in the event of an exchange of Kellogg's property; that neither Critchett nor his attorneys, nor the attorney representing Kellogg in the exchange of properties, knew at the time the receipt for $250 (being one-third of the Kellogg commission) was executed (in full settlement of the commissions) that Ellis & Morris had received commissions from Riordon.

The issue tendered by Ellis & Morris in their pleading, and upon which they offered evidence, was that Critchett should receive one-third of the commission on the sale or exchange of the Kellogg property, but denied that there was an agreement to divide commissions on sale or exchange of property for the Kellogg property. On the verdict of the jury the trial court rendered judgment in favor of Critchett for $914.80, being the unpaid one-third of the commissions received from Riordon, with 6 per cent. interest thereon from the 3d day of June, 1916, the date of the exchange of the properties. From that judgment appellants take this appeal.

Ponder S. Carter and E. M. Whitaker, both of El Paso, for appellants.

U. S. Goen, of El Paso, for appellee.

WALTHALL, J. (after stating the facts as above). The first assignment of error is to the refusal by the court "to give to the jury special requested charge 1" and quoting the verbiage of the ground upon which the special charge was requested, as found in their motion for a new trial. The record shows a request for peremptory instruction for appellants, which the court overruled. The court was not in error in overruling the request for peremptory instruction for appellants. The assignment is overruled.

The second assignment asserts error in rendering judgment against appellants on the ground that the pleadings, while showing that the matters in controversy had been compromised and released in full by appellee, "no allegations of fraud sufficient to authorize the court to set aside the release were made by the plaintiff in his pleadings, in that he failed to allege that the false statements, if any, were material, were relied on by him, and that he believed them to be true," and asserted the proposition that in order to set aside the release executed, the petition must contain such allegations.

[1] Without quoting the verbiage of the petition, we think it good as against a general demurrer. Appellants pleaded a general demurrer and no special exception to the petition. The grounds of error in the assignment could be made available under the circumstances here shown only on an action of the court on special exception to the pleading. The assignment not showing any action of the court on exception to the pleading it presents no ground of action for this court.

[2] Appellee did not sue and pray for interest, but did pray for general relief. The judgment rendered does not exceed the amount sued for. The court allowed legal interest from the date of the exchange of properties.

---

⬤⇔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] The third assignment claims error in allowing the interest. In this, we think there was no error. Interest to which appellee was entitled is awarded as a part of his damages, and not as interest eo nomine, and the amount recovered does not exceed the amount sued for. Heidenheimer v. Ellis, 67 Tex. 426, 3 S. W. 666; Island City Sav. Bk. v. Sachtleben, 67 Tex. 420, 3 S. W. 733; Schulz v. Tessman et al., 92 Tex. 488, 49 S. W. 1031; Morris v. Smith, 51 Tex. Civ. App. 357, ·112 S. W. 130; Ry. Co. v. Fromme, 98 Tex. 459, 84 S. W. 1054. Appellee sued upon an express parol contract to recover one-half of the unpaid balance of the commissions collected by appellants from Riordon, on the exchange of the properties. Appellants admitted that there was a contract between appellants and appellee for a division of commissions on amount collected from Kellogg, and alleged that appellee's portion was to be one-third and not one-half, and denied that there was a contract for a division of commissions collected from Riordon. The jury found that the agreement covered the Riordon commissions, and that appellee's share of such entire commission was one-third, and not one-half. The court rendered judgment for one-third of the Riordon commissions. By appellant's fourth assignment, it is urged that the judgment for one-third of the commission has no basis in the pleading, and that to render judgment for one-third of the commission is fundamental error. The judgment is well within the pleadings and the verdict. The assignment is overruled.

[4] It is claimed the jury's finding that Critchett's share of the entire commission was one-third is not supported by the evidence. Critchett testified in substance that he listed the Kellogg property with Ellis for sale or exchange; that in response to a request that Ellis state distinctly the way in which commissions were handled in case of a trade, Ellis went over the statement as to customary commissions, and that in the Kellogg case the division of the commission would be in the ordinary way. Critchett's evidence does not show what Ellis stated the customary division of commissions was; that later Ellis said:

"Get hold of Kellogg; I have got a fine apartment house, and there is 5 per cent. commission in it for us."

He got Kellogg, and the exchange was made. The evidence shows that on several occasions, and to different parties, Ellis & Morris denied that they had received any commissions from Riordon. One of the parties to whom they so claimed was Critchett's attorney, who went to them in an effort to effect a settlement of commissions between them and Critchett. It was admitted of record that they had received as commissions from Riordon, on the exchange of the apartment house for the Kellogg property,

the amount above stated. Witness Stevens testified that it was customary under the circumstances stated, in the absence of an agreement, "to split all commissions 50–50," and that the same rule applied in case of exchange as in sale. We think the evidence is sufficient to sustain the finding.

Finding no error, the case is affirmed.