### DALTON v. REALTY TRUST CO. et al.
### (No. 3131.)

Court of Civil Appeals of Texas. Amarillo.
Dec. 5, 1928.

Rehearing Denied Jan. 9, 1929.

R. A. Baldwin, of Slaton, for appellant.

George T. Lee and Dabney, Goggans & Ritchie, all of Dallas, for appellees.

JACKSON, J. This suit was instituted in the district court of Lubbock county, Tex., by the plaintiff, the Realty Trust Company, a corporation, against the defendants, H. C. Lair, Nat P. Shaw and wife, Lena Shaw, Clara Dalton Brown and husband, O. H. Brown, and the Continental Savings & Building Association, a corporation.

The plaintiff alleges that the city of Lubbock is a municipal corporation, and as such, on July 10, 1924, by ordinance, regularly levied a special assessment in the sum of $226, against lot No. 6, block No. 1, of the G. A. Rush subdivision of the Overton addition to said city; that the assessment created a lien against said property and a personal liability against H. C. Lair, the owner thereof, for the pro rata part of the cost of paving said property; that the city contracted with the Panhandle Construction Company to improve said property, the paving was done, the work accepted by the city, and on June 16, 1925, the city issued a paving certificate in the sum of $226 to the Panhandle Construction Company against said lot and the owner thereof; that said certificate provided for payment in six equal annual installments, the first installment due in 30 days, and the second, third, fourth, fifth, and sixth installments due, respectively, one, two, three, four, and five years after the 24th day of June, 1925; that said certificate provided that each installment would bear interest at the rate of 8 per cent. per annum, contained the acceleration clause, and stipulated for reasonable attorney's fees as cost of collection if default was made in the payment; that on November 13, 1924, the defendants Nat P. Shaw and wife made, executed, and delivered to the Panhandle Construction Company a mechanic's lien contract, by the terms of which they gave a mechanic's lien to the Panhandle Construction Company to secure the assessment theretofore made by the city for the improvements on said lot, which included grading, excavating, paving, and the construction of curbs and gutters; that by the terms of said mechanic's lien contract, Nat P. Shaw and his wife agreed to pay said assessment in six installments, as provided for in the paving certificate issued by the city, and agreed to the issuance by the city of said certificate of assessment and the terms and conditions thereof; that thereafter defendants Nat P. Shaw and wife, by deed, conveyed lot 6 in block 1, above described; to Clara Dalton Brown, and as a part of the consideration for said lot, the said Clara Dalton Brown expressly assumed and agreed to pay all paving liens against the lot whereby an express vendor's lien, in addition to the assessment and contract liens, was created on said property, and the defendant Clara Dalton Brown became personally obligated and bound to pay said paving; that for a valuable consideration and in due course of trade, the Panhandle Construction Company assigned and set over to the Realty Trust Company the last five installments due on said certificate, assessment, and contract, and all liens, rights, titles, and remedies securing the payment of said assessment, and plaintiff is the present legal and equitable owner of said certificate, assessment, and contract; that default has been made by the defendants and each of them in the payment of the second installment, and for such default the plaintiff has declared the entire amount due, and the defendants have failed and refused to pay the same or any part thereof, to its damage in the sum of $400; that because of such default, it has become necessary to institute this suit and incur attorney's fees in the sum of $100, which is reasonable, for the institution and prosecution of said suit; that plaintiff's lien is a first and paramount lien against said property, and any rights held by defendants or either of them are subordinate and inferior to plaintiff's claim and lien.

The defendant Mrs. Clara Brown answered by general demurrer, special exceptions, general denial, and specially alleged that she is in no manner connected with the negotiable instruments on which the suit is based and is not liable thereon; that there is not and has never been any contract or privity of contract between her and the plaintiff relative to the paving certificate or notes sued on; that she never at any time made any promise, contract, or agreement for the benefit of plaintiff; that it is not entitled to a personal judgment against her for money based on the certificate sued on or upon any alleged assumption by her of such obligations, because, if such assumption of payment was ever made, it is void and unenforceable, because without consideration; that she does not own or claim any right, title, or interest in or to the real estate and disclaims all title or interest therein; that she is not liable for the attorney's fees claimed and sued for, because she never contracted to pay any attorney's fees, either by assumption or otherwise.

No question is raised pertaining to any issue contained in the pleadings of the other defendants, and none of them complain of the judgment of the court; hence, no state-

ment of the pleadings of the other defendants is made.

The case was tried before the court without a jury, and judgment was rendered that plaintiff "do have and recover of and from the defendants, H. C. Lair, Nat P. Shaw, and Clara Dalton Brown, and each of them, the sum of $378.66, $226.00 of said sum being principal, $52.66 being accrued interest to date, and $100.00 being attorney's fees," and that plaintiff's lien be foreclosed against the property as to all the defendants; that the property be sold and the proceeds of the sale applied to payment of the cost and the judgment rendered, and any surplus, if any, be paid to defendant Nat P. Shaw; and that if the property did not sell for sufficient to satisfy the judgment, then the officer executing the writ is directed to make the deficiency out of any property of the defendants H. C. Lair, Nat P. Shaw, or Clara Dalton Brown.

Mrs. Clara Dalton, formerly Mrs. Clara Brown, excepted to this judgment, and prosecutes this appeal.

The appellant challenges as error the action of the trial court in rendering a personal judgment against her in favor of plaintiff, for the reasons that the evidence fails to identify the paving installments sued on as the obligation referred to in the deed under which she holds; that the language in the assumption clause in the deed is insufficient, as a matter of law, to bind appellant personally to pay the principal, and especially insufficient to obligate her to pay interest and attorney's fees. No attack is made on the validity of the proceedings constituting the paving lien, and none is made upon the validity of the mechanic's lien contract executed by the grantors of appellant, Nat. P. Shaw and wife. The certificate of special assessment was issued by the city on June 16, 1925, the mechanic's lien contract was executed by Nat P. Shaw and wife to the Panhandle Construction Company on November 13, 1924, and recorded in the office of the county clerk on February 25, 1925. The certificate of the city is in favor of the Panhandle Construction Company and was levied for the sum of $299.77, against the property involved fronting 45 feet on the north side of Sixteenth street, and provided that said amount should be paid in six equal installments after June 16, 1925, one 30 days after said date, and one on June 16th each year thereafter until all of said installments were discharged; provided for interest at the rate of 8 per cent. per annum on each installment, carried the acceleration clause, and stipulated for reasonable attorney's fees if default was made in the payment of any installment. The certificate was credited with six payments of $4.76 each. The mechanic's lien contract provided for the payment to the Panhandle Construction Company of $268.27 for grading, excavating, paving, and gutter, and $31.50 for curb, being $5.9619 per front foot for said improvements, exclusive of curb, and 70 cents per lineal foot for the curb; that if the frontage of the lot should exceed the frontage stated, the cost of the improvements should be paid to the company at said rate per front foot, and if the frontage was less than stated, a deduction should be made therefor at said rate per front foot. The deed of conveyance from Nat P. Shaw and his wife to Clara Dalton recites the consideration as $4,500, composed of several notes, the payment of which was assumed by the grantee, with the interest thereon, and continues: "And the grantee also assumes the payment of paving installments maturing after this date on the real estate here conveyed."

This deed was executed June 25, 1925, and filed for record on the same day.

"Where, in connection with the transfer of certain mortgaged premises, the amount of the mortgage represents a portion of the purchase price, the grantee paying the difference between such amount and the agreed price, there is, in the absence of an apparent intention to the contrary, an implied agreement on the part of the grantee to pay the mortgage. As a general rule, he will be held personally liable." Wiltsie on Mortgage Foreclosure (4th Ed.) vol. 1, § 238. "By the great weight of authority, an assumption of the mortgage debt by the purchaser is implied where it is expressly agreed that the payment of the mortgage shall constitute a part of the purchase money, or, in the absence of such agreement, where the amount of the mortgage debt has been deducted or retained by the purchaser out of the agreed price." 41 C. J. 724, § 770. "The rule is that, where land is conveyed in terms subject to a mortgage or other lien, the grantee does not, by accepting the deed, become liable personally for the debt, but where the language indicates that the consideration, or a part of it, is the assumption of a debt due on the land, the grantee is liable personally for the debt." George v. Blumberg et al. (Tex. Civ. App.) 211 S. W. 309.

The deed from Nat P. Shaw and his wife to appellant shows, we think, conclusively that the paving installments assumed by her in said deed were a part of the consideration she was to pay for the premises, and, as there are no other installments for paving disclosed by the record, we think the identification of the claim held by appellee, with the paving installments assumed by appellant, is sufficient.

"The liability of the purchaser is measured by the terms of the mortgage which he agrees to pay. The assumption of the mortgage covers all the incidents of the mortgage debt; as, for instance, a stipulation for the payment of an attorney's fee in case of a foreclosure; or, for the payment of interest to accrue on the mortgage debt; or, for the carrying of insurance for the mortgagee's benefit; or, a covenant to pay all taxes on the

mortgage and on the mortgaged property. Such a stipulation or covenant is binding on a grantee of the premises who assumed the payment of the mortgage, and also inures to the benefit of an assignee of the mortgage." 2 Jones on Mortgages (8th Ed.) § 935.

The appellant relies, in support of her contention that in no event is she liable for interest and attorney's fees, on Gray v. Fenimore (Tex. Com. App.) 215 S. W. 956, and the authorities therein cited. These authorities hold that: "In the absence of notice to the contrary, a purchaser has the right to assume that the deed to his vendor correctly stated all of the unpaid consideration for which it was executed; and where the note described in the deed makes no reference to a provision for attorney's fees, in the absence of actual notice, judgment for foreclosure against a subsequent vendee can not include such attorney's fees." In Gray v. Fenimore the recitals in the deed "purported to describe the note fully, and made no reference to any stipulation for attorney's fees." Hence, it was not shown that the party assuming the payment of the note had actual notice that it provided for the payment of attorney's fees, and the deed, in describing the note, did not disclose that the note provided for attorney's fees, and the party assuming the payment of the note had no constructive notice of attorney's fees. In the present case, the mechanic's lien is dated November 13, 1924, and recorded on February 25, 1925, and provides for interest and the payment of reasonable attorney's fees. The appellant, therefore, had constructive notice that the indebtedness against the property for paving, which she assumed, bore interest and provided for the payment of reasonable attorney's fees in the event default was made in the payment of the paving debt. First National Bank of Tulsa v. Hoover et al. (Tex. Civ. App.) 244 S. W. 1044; A. Stanley White v. Charles F. Schader et al., 185 Cal. 606, 198 P. 19, 21 A. L. R. 499 and notes.

■■ The appellant presents as fundamental error the action of the court in including in the judgment rendered against her the sum of $226 as the principal of the debt she assumed, because said sum exceeds the amount of the principal sued for in appellee's petition. The petition alleges that the city of Lubbock "levied an assessment in the sum of $226.00 against certain property," etc., which is the property involved in this controversy. It is also alleged "that said assessment is payable in six equal installments." That for a valuable consideration the Panhandle Construction Company "transferred, assigned and conveyed and set over to the Realty Trust Company the last five installments due on said certificate," etc. The judgment provides that plaintiff "do have and recover * * * the sum of $378.66, $226.00 of said sum being principal," etc.

The Realty Trust Company, having pleaded that the certificate issued by the city against the property and the owner was for $226, payable in six equal installments, and that it was the owner of the last five of these installments, the amount sued for would be five-sixths of $226, or $188.33½. In no other place in the petition is the amount of principal sued for stated.

A judgment in excess of the amount claimed in the petition constitutes fundamental error. H. & T. C. Ry. Co. v. Shults (Tex. Civ. App.) 90 S. W. 506; Chicago, R. I. & G. Ry. Co. v. Howell (Tex. Civ. App.) 166 S. W. 81; Texas-Mexican Ry. Co. v. Sutherland (Tex. Civ. App.) 189 S. W. 983; The Homesteaders v. Stapp (Tex. Civ. App.) 205 S. W. 743; Provident Life & Accident Ins. Co. v. Johnson (Tex. Civ. App.) 235 S. W. 650, and authorities cited.

The judgment obtained by appellee is excessive in the sum of $37.66⅔, together with interest thereon at the rate of 8 per cent. per annum; and if appellee will file a remittitur of this amount in 15 days, the judgment will be affirmed; otherwise, it is reversed and remanded.