## MARYLAND CASUALTY CO. v. FRIZZELL et al.

### No. 9006.

Court of Civil Appeals of Texas. San Antonio.

Feb. 15, 1933.

Rehearing Denied March 22, 1933.

R. H. Mercer, of San Antonio, R. L. Daniel, of Victoria, and R. L. House, of San Antonio, for appellant.

Gordon C. McGehee and H. J. Nichols, both of Houston, and Carey Legett, of Port Lavaca, for appellees.

FLY, Chief Justice.

Appellant instituted this action to set aside an award by the Industrial Accident Board to Mrs. Ivera Frizzell, Vera Zelmo Frizzell, a minor, and their attorney, Gordon O. McGehee, on account of the death of Elmo H. Frizzell, the father of the minor and husband of Mrs. Frizzell. The answer of appellees set up the facts of the policy of insurance issued by appellant, the employment of the deceased by a subscriber under the Compensation Act, and the award of the board when deceased lost his life while prosecuting his labors while in the employment of the subscriber, J. Dupuy. The cause was tried by a jury, and judgment was rendered in responses to special issues that appellees recover a weekly sum of $969 for 360 weeks from the date of the injury which caused the death of Elmo H. Frizzell.

The first and second propositions are without merit and are overruled. Appellant did not deny the issuance of a policy to J. Dupuy to give indemnity for the injury or death of its employees. No such issue was raised in the case, but, if it had been raised, the evidence was ample to show that the policy had been issued by appellant to J. Dupuy, that deceased was in his employ when injured and laboring in due course of his employment. It is in effect admitted that testimony was admitted showing the existence of the policy at the time of the injury and death, but that it was presented only to show jurisdiction. The evidence was before the court for all legitimate purposes, and the whole trial proceeded on the theory of the existence of a policy. Appellant will not be permitted to escape a liability assumed by it for pay on any such fanciful and hairsplitting technicality. It has never denied execution of the policy.

■■ The third proposition complains of the submission of three issues in one. It was not seriously questioned that deceased was injured while in the employment of J. Dupuy and that he died from such injury which was received where alleged, and no possible injury could have resulted from submitting all three matters in one question. This court will not consider an allegation of error from which no injury did or could result—a bare technicality about things concerning which there was no dispute. All the testimony showed that the husband and father was injured unto death, while working in due course of his employment and at the place named. This ruling involves a ruling on the fourth and fifth propositions. They are without merit.

■ The sixth, seventh, and eighth propositions are overruled. The agreement made at a former term of court as to certain facts in regard to the daily and weekly wage of deceased was admissible in evidence. It was not limited as to the time it should be effective, and, if true and admissible at one term of court, it was true and admissible at another. The admissions in the brief of appellant, in discussing the propositions show the propositions are totally unfounded.

The allegations as to the injuries received by deceased were sufficient, for all practical purposes, and the objections contained in the ninth proposition are overruled. The recovery sought was not for an injury inflicted on deceased, but for his death. He received the injuries, and he died therefrom.

The tenth to fourteenth propositions complain of certain arguments presented by appellant's attorney to the jury. The argument does not appear to be reprehensible, and, in order to reverse a judgment on such unfounded objections, would almost amount to a prohibition of argument by appellants to a jury. The propositions are overruled. The argument may have been prejudicial to appellant, as all pertinent argument on the facts is prejudicial to the party against whom the argument is directed. The marshaling of legitimate evidence is ordinarily prejudicial to the opposing party.

■ That part of the cross-action pleadings assailed in the fifteenth proposition is complicated and not to be commended as a model, and still we fail to see how it could have misled appellant or inflicted any injury on it. The proposition is overruled. The suit was for damages resulting from the death of Elmo H. Frizzell, and, if the notice given to appellant was within thirty days from the date of death, the statutory requirement as to notice was fully complied with. Article 8307, § 4a. The quotation from the statute by appellant is not a fair quotation of the statute, and is misleading and inaccurate. The sixteenth proposition is overruled.

The court permitted proof of the qualifications of a physician as to being an expert along the lines of the testimony sought to be obtained from him. It was not necessary to prove his membership in certain medical societies in order to increase his importance before the jury. His qualifications as an expert had not been questioned or assailed. The seventeenth proposition is overruled.

The evidence received from one J. J. Boyd as to declarations made to him by Dr. Grace, a witness for appellant, who had denied making the declaration, was admissible as tending to impeach the witness for appellant. The eighteenth proposition is overruled.

Upon the objection of appellant to a question to and answer by witness Jennings as to a conversation with Dr. Grace, the question was withdrawn, and the jury instructed by the court not to consider the testimony. The answer was practically the same as that given by the witness Boyd, the gist of which was admitted by Dr. Grace to be true. The eighteenth proposition is overruled.

There is nothing material nor of strength sufficient to justify the reversal of a judgment founded on facts and justice to the wife and child of a husband and father insured by appellant. The insurance should be paid.

The judgment is affirmed.