## TRADERS & GENERAL INS. CO. v. LINCECUM.

### No. 4561.

Court of Civil Appeals of Texas. Texarkana.

March 6, 1935.

Rehearing Denied March 14, 1935.

Smith & West, of Henderson, and Lightfoot & Robertson, of Fort Worth, for appellant.

Ed Yarbrough, of Henderson, for appellee.

JOHNSON, Chief Justice.

This suit was filed by appellee, H. Lincecum, against appellant, Traders & General Insurance Company, to set aside a final award of the Industrial Accident Board of Texas, and, to recover compensation. In addition to the jurisdictional facts, plaintiff's petition alleged, in substance, that he was an employee of the Panola Pipe Line Company which was a subscriber under the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.), carrying compensation insurance with appellant; that in the course of his employment plaintiff had received injury resulting in total and permanent incapacity, for which he prays to recover of appellant compensation in the sum of $6,052.60 in lump sum judgment. Appellant answered by general demurrer and general denial. The general demurrer does not appear to have been presented or acted upon.

In response to special issues, the jury found: That plaintiff sustained accidental injuries on August 30, 1932, in the course of his employment, while an employee of the Panola Pipe Line Company, which resulted in total and permanent incapacity; that the average wage per day received by plaintiff during the year next preceding the date of his injury was $3.75 per day; that payment of compensation to plaintiff by defendant in weekly installments instead of a lump sum would result in a manifest hardship and injustice to plaintiff; that plaintiff has not suffered nor will he suffer from focal poisoning caused by condition of his tonsils, teeth, gums, and prostate gland, or either of them.

Judgment was rendered for plaintiff in the sum of $4,366.83. From the order overruling motion for new trial, defendant appealed.

By appropriate assignment of error appellant contends that plaintiff failed to prove that defendant had issued a policy of workman's compensation insurance to the Panola Pipe Line Company and that same was in force and covered plaintiff at the time of his injury. Plaintiff made proper demand on defendant to produce the policy or that secondary evidence would be offered upon the trial in lieu of it. Defendant failed to produce the policy and upon the trial plaintiff testified that upon receiving his injury he was carried in a truck by the foreman of his employer to Dr. Shipp and that he was later carried to the warehouse of Panola Pipe Line Company

and signed a report of his injury. Dr. C. G. Engle, witness for the defendant, testified on cross-examination that the defendant, Traders & General Insurance Company, occasionally sent men when they were injured to him to be examined; that he had made several examinations for defendant company on claims, and that defendant had him to examine the plaintiff in this case. Dr. R. F. Shaw, witness for defendant, testified on cross-examination that he administered professional treatment to the plaintiff over a period of time for the defendant company, and of defendant company's inquiries and of his reports on the case to defendant. This evidence is undisputed and leads to but the one reasonable conclusion, that defendant was the insurer of the alleged subscriber. As to whether it had issued such a policy was a matter particularly within the knowledge of defendant, and it offered in evidence no fact or circumstance which tended to dispute the case made on the point. Texas Employers' Ins. Co. v. Pierce (Tex. Civ. App.) 254 S. W. 1019.

It is further contended that the court should have submitted an issue to the jury as to whether or not defendant had issued a policy of workman's compensation insurance to the alleged subscriber. Defendant took no exception to the court's charge and offered no special issues. In cases, as here presented, where an issue of fact material to plaintiff's cause of action is pleaded in the petition and denied in the answer, and where the evidence introduced to establish the fact is undisputed and is of such nature that reasonable minds could not differ in the conclusion to be drawn therefrom, its submission to a jury is unnecessary, and the trial judge may apply the law to the facts thus established. In the judgment in this case the trial judge expressly found the facts in support of the issue. Speer's Law of Special Issues in Texas, §§ 35. 429, and 456; 46 C. J., § 486, p. 549. The assignment is overruled.

Appellant complains in this court, as fundamental error, the point not having been raised in the trial court, that the judgment is in excess of the amount authorized by the pleadings, contending that plaintiff in his pleadings limited himself to a recovery of compensation based upon an average daily wage of $3 per day. In the respect under consideration, plaintiff's petition alleges: "Plaintiff further shows to the court that at the time of and before said accidental injuries plaintiff was earning the sum of $3.00 per day, being employed seven days per week, and

making not less than $21.00 per week, and that plaintiff is entitled to receive compensation under the Workmen's Compensation Law on the basis of his average weekly wages calculated as follows, to wit. * * *"

The petition then follows with allegations claiming, in the alternative, that plaintiff is entitled to have his weekly wages computed under subdivisions 1, 2, and 3 of section 1, article 8309, R. S., and in which paragraphs of the petition are found the allegations that plaintiff's "average wage or salary was and is at least $3.00 per day * * *" and "plaintiff alleges that a fair basis and estimate herein would be and is at the rate of $1.80 per day thereby entitling plaintiff to the sum of at least $12.60 per week compensation, same being 60% of his average weekly wages, on whatever basis above alleged, such estimate is made." Plaintiff having alleged that at the time of the injury he "was earning the sum of $3.00 per day," and not having anywhere alleged in the petition that he was earning more than that amount, his compensation could not be computed upon a basis of a greater amount than he alleged, namely, $3 per day. The jury found that plaintiff's average daily wage was $3.75 per day. Plaintiff's compensation was computed upon the basis of $3.75 per day, which was 75 cents per day greater than the amount pleaded. Hence it appears that the judgment of $4,366.83 is $873.37 in excess of the amount authorized by the pleadings. It is fundamental that pleading without proof or proof without pleading will not sustain a judgment; and that a judgment in excess of the amount pleaded, though supported by proof, cannot be sustained. Maryland Casualty Co. v. Sledge (Tex. Civ. App.) 46 S.W.(2d) 442; Willis v. Whitsitt, 67 Tex. 673, 4 S. W. 253; G. C. & S. F. Ry. v. Thompson (Tex. App.) 16 S. W. 174; G. C. & S. F. Ry. v. Simonton, 2 Tex. Civ. App. 558, 22 S. W. 285; Morris v. Smith, 51 Tex. Civ. App. 357, 112 S. W. 130; Garrett v. Dodson (Tex. Civ. App.) 199 S. W. 675; Dalton v. Realty Trust Co. (Tex. Civ. App.) 13 S.W.(2d) 398.

■ Appellant's third assignment of error complains of improper argument of appellee's attorney, in effect telling the jury the result of an affirmative answer to special issue No. 7, where the court asked the jury to find whether the payment of compensation to plaintiff by defendant in weekly installments instead of a lump sum would result in a manifest hardship and injustice to plaintiff. It appears from the qualification of this bill that appellant offered no objection to the statement until after the verdict was rendered. The question was of that nature which by its language revealed to the jury the result of their answer. The statement cannot be said to be of such an inflammatory or objectionable nature as would, unobjected to, authorize reversal of the case. S. W. Tel. & Tel. Co. v. Sheppard (Tex. Civ. App.) 189 S. W. 799; G., H. & S. A. Ry. v. Harling (Tex. Com. App.) 260 S. W. 1016.

■ Appellant's fourth assignment of error complains that appellee's attorney in his argument made the following statement to the jury: "Dr. Shaw testified he represents the Insurance Company, he examines their cases; Dr. Engle said the same thing, and if they don't make as favorable report as they can for the Insurance Company, they will quit examining them, too; that is what I say to you."

From the qualification of this bill, it appears that appellant raised no objection to the argument until after return of the verdict. The statement is not of that nature as would authorize a reversal in the absence of a timely objection. Texas Employers' Ins. Ass'n, v. Moore (Tex. Civ. App.) 46 S.W.(2d) 404; Texas Employers' Ins. Ass'n v. Bradford (Tex. Civ. App.) 62 S.W.(2d) 158; Robbins v. Wynne (Tex. Com. App.) 44 S.W.(2d) 946.

■ Appellant's eleventh assignment complains of misconduct of the jury. On motion for new trial two of the jurors testified, in substance, that during the deliberations on the issue of whether payment of the compensation to the plaintiff by defendant in weekly installments instead of a lump sum would work a manifest hardship and injustice to plaintiff, that one of the jurors stated that "if plaintiff did not recover in a lump sum he might never get all his compensation because the Insurance Company might go broke." They further testified that the statement did not influence them in arriving at the verdict. It is not thought that the case should be reversed on the statement quoted of the juror. It appears, in the circumstances of this case, that the statement could not have worked an injury to appellant. The undisputed evidence before the jury on the issue showed beyond any question that plaintiff was entitled to the affirmative answer made by the jury to the question. The record further shows that in calculating the lump sum judgment the court allowed discount at 6 per cent. per annum, compounded. Utilities Indemnity Exchange v. Burk (Tex. Civ. App.) 7 S.W.(2d) 1112; Consolidated Underwriters v. Saxon (Tex. Com. App.) 265 S. W. 143.

The judgment of the trial court will be affirmed upon appellee's filing a remittitur in the sum of $873.37 within ten days, and upon his failure to do so the judgment will be reversed and the cause remanded.